CARTER CRUME CO., Limited, v. AMERICAN SALES BOOK CO. et al.

(Circuit Court, W. D. New York. June 20, 1903.)

No. 147.

1. PATENTS—INFRINGEMENT—MANUFACTURE OF INFRINGING ARTICLES.
    A patent secures to the patentee the exclusive right to manufacture, as well as to sell and use, the patented article, and its manufacture by another without license constitutes an infringement, although no sale is made.
2. SAME—SALES BOOKS.
    The Lawson patent, No. 406,845, for a manifold sales book, claims 4 and 5 construed, and *held* infringed.

In Equity. Suit for infringement of letters patent No. 406,845, for a manifold sales book, granted to Thomas W. Lawson July 9, 1889. On final hearing.

Duell, Magrath & Warfield (Charles H. Duell, of counsel), for complainant.
H. H. Rockwell, for defendants.

HAZEL, District Judge. This suit in equity was brought for infringement of claims 4 and 5 of United States patent No. 406,845, granted July 9, 1899, to the Lawson Manufacturing Company. The complainant is now the owner of the patent. The defense is a denial of infringement. The patent relates to sales books, which are arranged to safeguard against peculation, principally by sales clerks or employés in retail stores. The sales slips are consecutively num-

¶ 1. See Patents, vol. 38, Cent. Dig. § 397.

bered, and have between their folds a manifold slip for duplicating the inscription made by the salesman upon the sales slips. Claim 4 substantially describes the sales slips as being zigzag folded, and then interfolded with the copy slip. Claim 5 describes a series of zigzag folded sales slips, consecutively and integrally connected with a series of alternating slips for receiving fac simile copies of entries made upon the sales slips. The arrangement of the slips appears to be quite simple. It was skillfully contrived, and the utility has been established beyond dispute. The public generally appear to have acquiesced in the validity of the patent. The proofs tend to show that the patent has been quite generally respected. The manufacture and sale of the manifold sales books has been carried on without any other person presuming to seriously question the complainant's exclusive right. Twice before, however, complainant's rights were questioned, but in neither instance, through submission to the exclusive right of the patentee, was it necessary to judicially determine the validity of the patent or the scope of the claims. On the argument it was conceded that the method employed in manufacturing the Peck and Owen books, so called, was quite different from that employed in the manufacture of complainant's sales books, and therefore the alleged infringement as to those books was not pressed. It was, however, contended that the Heydolph exhibit, printed and numbered consecutively, with leaves zigzag folded in series, infringed the involved claims. The leaves of this exhibit, without a cover, technically may not constitute a manifold sales book as much as that manufactured and sold by the complainant, but I think that the arrangement of leaves in series, zigzag folded, and numbered consecutively, bring them within the intent of claims 4 and 5. It is contended by the defendants that there was no infringement because there was no sale and no use of the infringing article, and, further, that the leaves arranged as stated were intended simply as a sample, to illustrate the manner of folding. It appears from the evidence that the sample was used to procure orders for this style of manifolding. On the whole, the evidence abundantly discloses the making and threatened sale by the defendants of the patented article. The law gives to the patentee the sole and exclusive right, for a period of years, to make and sell the invented article for which the patent was granted (Rev. St. § 4884 [U. S. Comp. St. 1901, p. 3381]), and, therefore, a person who makes an article, the exclusive right to make the same having been granted to another, becomes an infringer.

A decree may be entered with costs, but without an accounting, restraining the defendant from making and selling manifold sales books, or leaves in semblance of the sales book, as herein described.