AMERICAN SALESBOOK CO. et al. v. CARTER-CRUME CO. et al.

(Circuit Court, W. D. New York.    October 20, 1903.)

No. 207.

1. PATENTS—SUIT FOR INFRINGEMENT—EVIDENCE OF PRIOR ART.
    In a suit for infringement, in which the validity of the patent is in issue, the court will take judicial notice of other patents introduced in evidence in another suit in ascertaining the state of the art.

2. SAME—VALIDITY—DETERMINATION ON DEMURRER.
    Where the want of novelty of a device is manifestly apparent on the face of the patent, the issue may properly be determined at the threshold of the case on demurrer.

3. SAME—INVENTION—MANIFOLDING SALES BOOKS.
    The Beck patent, No. 647,934, for a manifolding sales book, the only element of novelty being the cutting out of a thumb space in the side of the carbon sheet to permit the removal of the duplicating sheet without soiling the same or the hands, which result was also accomplished by prior devices, is void for lack of patentable novelty.

4. SAME—EVIDENCE OF INVENTION—COMMERCIAL SUCCESS.
    The commercial success of a patented article can only be considered on the issue of invention, where such issue is in serious doubt.

In Equity.

M. B. Philipp and H. H. Rockwell, for complainants.

Duell, Megrath & Warfield (C. H. Duell, of counsel), for defendants.

HAZEL, District Judge.    This suit is brought to restrain infringement of patent No. 647,934, granted to Warren F. Beck, April 24, 1900, for an improvement in a manifolding sales book and holder. The defendants have demurred to the bill on the ground that the patent is void upon its face, and that it lacks invention or novelty. It is not disputed that manifolding sales books have long been in general use.    Everything in the device described by the specification is practically conceded to have been old or fully covered by antecedent patents at the time of its invention, except that feature described in claims 2 and 3, which provide for cutting out a portion of the carbonized sheet to partly expose the sales sheet underlying the carbon sheet at or near its free end.    By the arrangement described in the specification, the user of the manifolding sales book by slight thumb pressure is enabled to withdraw and remove the leaf next the carbon sheet with great facility, and without suffering the annoyance of soiling his fingers or any of the separate sheets underlying the transfer or carbon sheet.    The court fully appreciates that the field of invention is necessarily limited, and for that reason the simplest alteration or change in the prior art is of the utmost importance.    It may fairly be inferred from an examination of the specification of the patent in suit that manifold sales books, which preceded the patent, require manipulating the transfer sheet with the fingers, and that some annoyance attended the operation for the reason that, by repeated contact with the carbon sheet, both the fingers of the user and the sale

¶ 4. See Patents, vol. 38, Cent. Dig. § 39.

sheets as well are apt to become soiled. The object of the patentee, as stated in the specification, is to construct the parts in such a manner as to adapt them to meet this difficulty and obviate the necessity of such handling. But this idea, as will be seen presently, was not original with the inventor. To carry out the object of the patentee, the method particularly set forth in the specification was conceived, namely, to fasten the carbonized sheet or duplicating sheet at the upper end in such a way as to overlap the free end of the sales sheets, which are fastened at the lower end. At the upper right-hand part of the carbon sheet a small portion is cut away, giving the appearance of a semicircular space of sufficient dimensions to permit the free use of the thumb in the operation of withdrawing the underlying sheet. It is evident by this method that the thumb space exposes the underlying leaf or sheet, and enables the user to remove consecutively each sheet without soiling the fingers or any sales sheets. As has been said, invention and novelty are claimed only for the additional feature of thumb spacing. The controverted question appears plainly from the bill, the patent in suit of which profert is made, and from certain other patents, namely, the Carter reissue patent, No. 10,359, and Frink patent, No. 288,048, which were recently considered by this court on a former hearing between these parties, involving the validity of claims 4 and 5 of patent No. 406,845, granted July 9, 1899, for manifold sales books. Carter Crume Co. v. American Salesbook Co. (decided June 20, 1903) 124 Fed. 903. For the purpose of ascertaining the state of the art, judicial notice will be taken of these patents and of the records on file in this court in that case. Authority for so doing may be found in Cushman, etc., Co. v. Goddard et al., 95 Fed. 664, 37 C. C. A. 221. By such records it appears that the patents referred to were in evidence in the former suit to illustrate the state of the art. In view of the conclusions here announced, it is undoubtedly better to dispose of the issues raised by the demurrer in conformity with the apparently well-settled practice of courts of equity in suits for infringement than to await any evidence on final hearing, which probably would not be of sufficient force to support the presumption of novelty and invention to which the patent is entitled. Whether the patent is void upon its face may be determined by what is commonly known with respect to the art and the functional result achieved by the suggested patentable element. I am clearly of the impression that the new element under consideration is not novel. Its claim to recognition has not that sure foundation upon which the life of a patent must depend. There is nothing peculiar or new in cutting away a portion of a sheet of paper to enable the fingers or thumb to dexterously and conveniently turn over a leaf or sheet of paper or withdraw the same from a group of leaves or sheets secured or lightly held together. No new result is added by such a combination. The most that can be said for it is that it has superior advantages which permit drawing or removing sales sheets with alacrity and with convenience. This is not enough, especially when the patent beyond doubt lacks patentable novelty. Richards v. Chase Elevator Co., 159 U. S. 477, 16 Sup. Ct. 53, 40 L. Ed. 225; Duer v. Corbin Cabinet Lock Co., 149 U. S. 216, 13 Sup. Ct. 850, 37 L. Ed. 707;

National Hollow Brake-Beam Co. v. Interchangeable Brake-Beam Co., 106 Fed. 693, 45 C. C. A. 544. It is quite true that want of novelty is a question of fact. Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719. And, moreover, the patent affirmatively carries with it the fact of invention and novelty; but whenever it can be said that, despite the approval of the patent office, want of novelty in manifestly apparent upon the face of the patent, the issue raised by the demurrer is properly determinable at the threshold of the case. Richards v. Elevator Co., supra; Beer v. Walbridge, 100 Fed. 465, 40 C. C. A. 496; Brown et al. v. Piper, 91 U. S. 37, 23 L. Ed. 200; American Fibre-Chamois Co. v. Buckskin Fibre Co., 72 Fed. 508, 18 C. C. A. 662. The expired Carter patent, dated January, 1882, to which reference has been made, was conceived to obviate the necessity of handling the transfer sheet, and to avoid soiling the fingers and the sales sheet. Apparently, then, the sales sheets may be withdrawn by the method pointed out in pre-existing patents without the liability of soiling. The patentee's trifling variation is not such a valuable contribution to the art as to entitle him to a monopoly. By way of analogy, it may be said to be familiarly known that playing card cases have thumb or finger spaces so as to enable the cards to be easily withdrawn from the card cases. Envelopes having finger depressions at their upper edges to allow a quick and convenient withdrawal of papers between their folds are very old and very familiar. Hence, in my opinion, invention and novelty are clearly negatived, and under no perceivable state of the evidence can the plaintiff finally succeed in establishing infringement.

The court is not unmindful of the fact that the manifold sales book under consideration has met with large commercial success and is extensively used by the public. The essential feature upon which success and public appreciation alone depends, namely, invention and novelty, is clearly lacking, and therefore the utility achieved by the device cannot be considered to offset the want of invention. McClain v. Ortmayer, 141 U. S. 419, 12 Sup. Ct. 76, 35 L. Ed. 800.

The principle that the success of a patented article is only persuasive in turning the scale in cases of grave doubt respecting the invalidity of a patent scarcely needs citation of authorities. The conclusion here announced is reached irrespective of complainant's antecedent patented manifolding sales book (Exhibit A), referred to by defendant to further show the prior state of the art. Inasmuch as the patent referred to at the hearing is not regularly before the court, no judicial notice may be taken of it. Bottle Seal. Co. v. De La Vergne Bottle & Seal Co. (C. C.) 47 Fed. 59.

The submitted record upon an application to the Supreme Court for certiorari in an action at law in the Ninth Circuit in the case of this complainant against Bullivant, and in which an opinion of the Circuit Court of Appeals is reported in 117 Fed. 255, affirming the decision of the Circuit Court, and holding the patent in suit invalid for want of novelty, has not been considered. But such a judgment by a court of co-ordinate jurisdiction and by the Circuit Court of Appeals upon a question such as here presented may well be persuasive of the conclusion here reached. It is contended by complainant that the de-

cision of the Circuit Court declaring the patent void for want of novelty ought not to be persuasive here, for the reason that the stipulated facts in the Bullivant Case do not accurately and sufficiently disclose the great advantage of the patented sales book in controversy over those manufactured and sold prior to the alleged patented invention. In reply to this contention, it is sufficient to repeat that this decision is based upon the palpable invalidity of the patent on its face. This conclusion is fortified and strengthened by earlier patents, to which reference has been made. The Bullivant Case and the denial by the Supreme Court of the petition for writ of certiorari (American Sales Book Company v. Bullivant, 23 Sup. Ct. 855, 47 L. Ed. 1184), however, certainly strengthen the expressed conviction that the patent is absolutely void. The demurrer to the bill is sustained, and the suit dismissed, with costs.