**BURGESS et al. v. WILBUR, Secretary of the Interior, et al.**

**No. 5041.**

Court of Appeals of District of Columbia.

Argued March 5, 1931.

Decided May 4, 1931.

Leo A. Rover, U. S. Atty., and John W. Fihelly, Asst. U. S. Atty., both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and HITZ, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellants filed what they denominated a bill in equity in the Supreme Court of the District of Columbia asking the court to decree certain acts of Congress affecting the Seminole Indians to be unconstitutional and void, and to declare the legal and equitable rights of the plaintiffs under certain treaties and acts of Congress; to grant a writ of mandamus directed to the defendants compelling them to perform their duties under said laws and treaties as construed by the court; to grant a permanent injunction enjoining the defendants from doing any and all unlawful acts complained of; and to render an accounting. The court sustained a motion to dismiss the bill, from which this appeal was taken.

The relief sought is not such as can be accorded in a proceeding against administrative officers of the government. The power is vested in the defendants to construe the statutes under which they are required to act, and, if their construction be reasonable, it is not within the jurisdiction of the court to interfere with their exercise of discretion. Nor will the court exercise a general veto power on the legislation of Congress, nor pass upon the constitutionality of an act of Congress as a purely abstract question. The rule is clearly stated in Liverpool, N. Y. & P. Steamship Co. v. Emigration Commissioners, 113 U. S. 33, 39, 5 S. Ct. 352, 355, 28 L. Ed. 899, as follows: "If, on the other hand, we should assume the plaintiff's case to be within the terms of the statute, we should have to deal with it purely as an hypothesis, and pass upon the constitutionality of an act of Congress as an abstract question. That is not the mode in which this court is accustomed or willing to consider such questions. It has no jurisdiction to pronounce any statute, either of a state or of the United States, void, because irreconcilable with the constitution, except as it is called upon to adjudge the legal rights of litigants in actual controversies. In the exercise of that jurisdiction, it is bound by two rules, to which it has rigidly adhered: one, never to anticipate a question of constitutional law in advance of the necessity of deciding it; the other, never to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied. These rules are safe guides to sound judgment. It is the dictate of wisdom to follow them closely and carefully."

The bill is likewise defective, in that it seeks a writ of mandamus to compel the defendants to perform their duties under the law as interpreted by the court. Injunction and mandamus cannot be obtained in the same proceeding. Mandamus is exclusively a common-law remedy, and cannot be invoked through an equity court.

The decree of the court sustaining the motion to dismiss is so clearly right that it dispenses with any need of further consideration or discussion.

The decree is affirmed.