### GRUBBS v. SMITH et al. *
### No. 7103.

Circuit Court of Appeals, Sixth Circuit.

Nov. 9, 1936.

Millard D. Grubbs, of Louisville, Ky., in pro per.

J. M. L. Smith, of Louisville, Ky., for appellees.

Before HICKS and SIMONS, Circuit Judges, and HAHN, District Judge.

HAHN, District Judge.

Appellant (hereinafter referred to as plaintiff) appeals from an order dismissing his petition.[1] He had filed a petition, an amended petition, and an amended and substituted petition. He had been directed by the court to combine the first two pleadings in a single pleading.

█ A preliminary question arises as to whether the action in the court below was pending upon all of the pleadings named or upon the amended and substituted petition only. That it was the intention of the plaintiff that the amended and substituted petition should supersede the petition and the amended petition appears from the amended and substituted petition itself. It contains 107 typewritten pages, recites that it is filed in compliance with the order of the court requiring the plaintiff to combine his petition and amended petition in one amended and substituted petition, and, by reference, incorporates all of the exhibits theretofore filed in the action with the petition and the amended petition the same as if copied in full in the amended and substituted petition. But whatever the plaintiff's intention, as a matter of law the amended and substituted petition superseded the prior pleadings in the case. Ferguson, Ex'r, v. Meredith, 1 Wall.(68 U.S.) 25, 17 L.Ed. 604; Brown Sheet Iron, etc., Co. v. Maple Leaf, etc., Co. (C.C.A.8) 68 F.(2d) 787; Aetna Life Ins. Co. v. Phillips (C.C.A.10) 69 F.(2d) 901; Bedell v. Baltimore & O. R. Co. (D.C.E.D.Ohio) 245 F. 788.

Plaintiff claims to be prosecuting his action under certain sections of the Civil Rights Acts, Rev.St. § 1979, 8 U.S.C.A. § 43, Rev.St. § 1980, 8 U.S.C.A. § 47 (2) (3), and he also claims to have been deprived of rights guaranteed to him by the Fourteenth Amendment to the Constitution of

---

* Writ of certiorari denied 57 S. Ct. 437, 81 L. Ed. —.

[1] While the final order of January 29, 1935, dismisses plaintiff's petition, we assume from a consideration of the prior proceedings that the court intended to dismiss plaintiff's amended and substituted petition.

the United States.[2] The larger part of the amended and substituted petition consists of allegations seeking to state a cause of action at law under the statutes and the Amendment to the Constitution. In the final paragraph of his amended and substituted petition, plaintiff alleges, in substance, that the wrongful conspiracy against him to deprive him of his constitutional and civil rights is still in existence, that unless an injunction is issued against the defendants restraining and enjoining them, he will be further oppressed and denied his civil rights by the alleged conspirators, and that he has no adequate remedy at law. By this final paragraph plaintiff seeks to state a cause of action in equity. The prayer of his amended and substituted petition is for a judgment for damages in a large sum and for an injunction restraining the defendants and each of them from further carrying out the alleged unlawful objects of the alleged unlawful conspiracy.

 That it is improper in a federal court to join in one suit legal and equitable causes of action is well settled. Twist v. Prairie Oil Co., 274 U.S. 684, 687, 47 S.Ct. 755, 756, 71 L.Ed. 1297; Cherry v. Howell (C.C.A.2) 66 F.(2d) 713, 715; Burgess v. Wilbur, 60 App.D.C. 212, 50 F.(2d) 502; Brooks v. Yarbrough (C.C.A.10) 37 F.(2d) 527, 529, 530; Bennett v. Butterworth, 11 How. 669, 674, 13 L.Ed. 859; Hurt v. Hollingsworth, 100 U.S. 100, 25 L.Ed. 569; Buzard v. Houston, 119 U.S. 347, 351, 7 S. Ct. 249, 30 L.Ed. 451; Cherokee Nation v. Southern Kansas R. Co., 135 U.S. 641, 651, 10 S.Ct. 965, 34 L.Ed. 295; Jones v. McMasters, 20 How. 8, 15 L.Ed. 805; Broderick's Will Case, 21 Wall. 503, 520, 22 L. Ed. 599; Lindsay v. First Nat. Bank, 156 U.S. 485, 493, 15 S.Ct. 472, 39 L.Ed. 505; Berkey v. Cornell (C.C.) 90 F. 711; United States v. Boyd (C.C.) 118 F. 89; Michelsen v. Penney (D.C.) 10 F.Supp. 537, 540. In the case of Thompson v. Central Ohio Railway Co. (1867) 6 Wall. 134, 137, 18 L.Ed. 765, the court said: "And although

the forms of proceedings and practice in the State courts shall have been adopted in the Circuit Courts of the United States, yet the adoption of the State practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit."

 It follows that unless plaintiff amended his pleading, his action was subject to dismissal. In its interlocutory order sustaining the motion to dismiss for misjoinder of causes of action, the court below granted leave to the plaintiff to plead further. He expressly declined to do so.[3] Thereupon the court dismissed plaintiff's action. The appeal is from the latter order. The action of the court in dismissing for misjoinder of causes of action was clearly right, Burgess v. Wilbur, supra, 60 App.D.C. 212, 50 F.(2d) 502, at page 503, and it is unnecessary for us to consider other questions claimed to be presented by the record.

The judgment of the court below is affirmed.

---

[2] As to whether or not plaintiff is entitled to litigate constitutional questions in his action, no diversity of citizenship existing, see Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322, citing Fenner v. Boykin, 271 U.S. 240, 243, 244, 46 S.Ct. 492, 493, 70 L.Ed. 927; Snypp v. State of Ohio (C.C.A.6) 70 F.(2d) 535, certiorari denied 293 U.S. 563, 55 S.Ct. 74, 79 L. Ed. 663; Trudeau v. Barnes (C.C.A.5) 65 F.(2d) 563; United States v. Bank of New York & Trust Co., 296 U.S. 463, 479, 56 S.Ct. 343, 348, 80 L.Ed. 331; 28 U.S.C.A. § 344.

[3] Plaintiff filed a motion for a final order as follows: "Comes the petitioner Millard D. Grubbs and declines to plead further herein and respectfully moves and requests the court to make an order herein on January the 21st, 1935, which sustains demurrers to the petition final."