**BOOTH FISHERIES CORPORATION v. GENERAL FOODS CORPORATION et al.**

No. 1267.

District Court, D. Delaware.

March 21, 1939.

Henry M. Huxley (of Wilkinson, Huxley, Byron & Knight), Charles F. Murray (of Murray & Murray), and Levinson, Becker, Peebles & Swiren, all of Chicago, Ill., and Ayres J. Stockly (of Hastings, Stockly, Duffy & Layton), of Wilmington, Del., for plaintiff.

Hugh M. Morris, of Wilmington, Del., and William B. Kerkam, of Washington, D. C., for defendants.

NIELDS, District Judge.

Hearing on (1) plaintiff's motion for responsive answer to plaintiff's interrogatories 3 and 4; (2) plaintiff's motion to strike certain portions of the answer; (3) defendants' requests under rule 36, 28 U.S. C.A. following section 723c, for admission of certain facts and genuineness of certain documents; and (4) plaintiff's objections to defendants' interrogatories.

The bill of complaint charges defendants with patent infringement and seeks a declaratory judgment.

The bill charges infringement by defendants of U. S. Patent No. 1,614,455 issued January 18, 1927, to A. H. Cooke, assignor to Atlantic Coast Fisheries Corporation of New York, for certain new and useful improvements in refrigerating apparatus. By assignment plaintiff, Booth Fisheries Corporation, became the owner of this patent and has so continued.

The bill also seeks a declaratory judgment under section 274d of the Judicial Code, 28 U.S.C.A. § 400, arising from an actual controversy between plaintiff and defendants respecting a charge of infringement by plaintiff of defendants' U. S. Letters Patents Nos. 1,773,079 issued August 12, 1930, to Clarence Birdseye; 1,773,081 issued August 12, 1930, to Clarence Birdseye; 1,822,121 issued September 8, 1931, to James J. Barry; and 1,822,123 issued September 8, 1931, to Clarence Birdseye and Bicknell Hall. It is alleged that plaintiff while engaged in the business of quick freezing food products, particularly fish, was notified by defendant that plaintiff was infringing the above mentioned letters patent, whereupon plaintiff, after thorough investigation of said charge of infringement, denied the same. An actual controversy, substantial and adversary in character, thereby arose and has continued until the present time. Defendants have reiterated the charge of infringement and plaintiff has repeatedly denied said charge. Defendants, neither directly nor through their subsidiaries, have submitted said controversy to judicial determination.

In their answer defendants admit that plaintiff forwarded to defendant, General Foods Corporation, an opinion denying infringement by plaintiff of defendants' patents. Defendants further admit that General Foods Corporation under date of August 10, 1936, wrote to plaintiff stating, among other things: "We accordingly find nothing in the opinion to modify our conclusions as to the validity and infringement of our above patents and, since this view is diametrically opposed to yours, we can only again request that you discontinue the procedure complained of, in a final effort to avoid submitting the matter for judicial determination".

### Plaintiff's Interrogatories.

On the day following the filing of the bill of complaint plaintiff submitted to defendants under Equity Rule 58, 28 U.S.C. A. following section 723, four interrogatories. Nos. 1 and 2 have been answered. Interrogatories 3 and 4 are:

"3. As to Letters Patent No. 1,773,079, No. 1,773,081, No. 1,822,121 and No. 1,822,123, specify which claims of said Letters Patent are charged to be infringed by any apparatus, process, or product, made, used, or sold, by plaintiff herein.

"4. Do defendants, or any of them, charge that any apparatus, process, or product, made, used, or sold, by the plaintiff infringes any Letters Patent owned or controlled by defendants, or any of them, save those mentioned in the Bill of Complaint, and if so, specify which claims of said Letters Patent are so charged to infringe?"

By stipulation filed October 14, 1938, it appears that the charge of infringement by

plaintiff was based on plaintiff's use of its so-called Hendron machine, the subject matter of patent No. 1,787,681 dated January 6, 1931. With reference to this machine the parties stipulated: "Plaintiff represents that this apparatus was used by it at Boston, Massachusetts, starting in 1934 and ending in November, 1937 when its use was discontinued in favor of the apparatus described in paragraph 7 hereof; that for a period late in 1934 and early in 1935 it was used to freeze fish in cartons, but it has not been so used since; that it is in position to be used should an emergency arise, but that it has not been used since November, 1937".

Answering interrogatories 3 and 4, defendants stated: "Defendants make no charge of infringement of Letters Patent Nos. 1,773,079, 1,773,081, 1,822,121, 1,822,-123, or of any other letters patent owned or controlled by them, or any of them, by plaintiff's Hendron machine and procedure, for the reason that plaintiff abandoned use of said machine and procedure in 1937; and defendants have made and make no charge of infringement of any of said letters patent by plaintiff's alleged present apparatus and procedure, illustrated by Plaintiff's Exhibits A, B, C, D, E, and F, attached to the stipulation dated October 10, 1938, for the reason that defendants have no information regarding said alleged present apparatus and procedure other than plaintiff's representations in said stipulation and plaintiff's published statements".

Plaintiff moves that the answer to plaintiff's interrogatories 3 and 4 be stricken and that an order be entered directing defendants to make more definite and responsive answer to those interrogatories. In connection therewith plaintiff renewed its offer contained in the bill of complaint to expose for personal examination by defendants' representatives its machines, processes and products.

■ Prior to the filing of the bill of complaint defendants made a general charge of infringement which plaintiff denied. Defendants gave no indication that they had withdrawn their 1936 charge of infringement. The practice requiring a patent owner to state definitely what he charges to be an infringement is well established. It is obviously in the interest of the parties and of the public that the issues of validity and infringement of defendants' patents should be determined.

Defendants' answer to the two interrogatories of plaintiff, recited above, will be ordered stricken and defendants will be directed to make a full and responsive answer to those interrogatories.

Motion to Strike Portions of Answer

■ Defendants' answer covers 22 printed pages with 100 pages of Exhibits and is at variance with the provisions of paragraph (b) of Rule 8 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides: "(b) Defenses; Form of Denials. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial."

The motion to strike is under the provisions of paragraph (f) of Rule 12. Under this rule plaintiff moved for an order to strike certain portions of defendants' answer for the reasons assigned.

The motion to strike portions of paragraphs 7, 12, 15(e), 15(f), and 16(a) to (h), inclusive, will be granted. The motion to strike portions of paragraphs 6, 8, 9 and 10 will be denied. The controlling consideration in the disposition of this motion is a violation of the rule against pleading evidence.

Defendants' Requests for Admissions

Defendants have submitted to plaintiff a list of 28 facts with the request that plaintiff admit the truth thereof. These facts fall into five categories: (1) Facts relating to conduct or knowledge of Booth Fisheries Company whose assets the plaintiff bought at a bankruptcy sale in 1933; (2) knowledge of plaintiff's predecessor in title of the Cooke patent; (3) facts which have no relevance to the present suit; (4) facts solely and exclusively within the knowledge of defendants; and (5) facts which have already been disposed of in plaintiff's answers to defendants' interrogatories.

■ Statements of fact 1, 2, 11, 13, 15, 18, 20, 21, 25 and 26 relate to circumstances which would tend to establish some knowledge on the part of the officers and directors of Booth Fisheries Company as to the operation of defendants' machines manufactured under the Birdseye patents. The officers and directors of Booth Fisheries Corporation are different persons from

the officers and directors of Booth Fisheries Company. The facts are not within plaintiff's knowledge. In 1932 Booth Fisheries Company was adjudicated a bankrupt by this court. In 1933 all of its assets were sold under order of this court. Thereafter Booth Fisheries Company ceased to exist. The plaintiff acquired the Cooke patent in 1936 long after Booth Fisheries Company ceased to exist. Booth Fisheries Company had no interest in defending a patent which it did not own and of which it may have had no knowledge.

Statements of fact 3, 4, 6, 7, 8, 9, 10, 12 and 17, relate to knowledge on the part of Atlantic Coast Fisheries Company, plaintiff's predecessor in title to the Cooke patent. Laches of an assignor of a patent may be imputed to his assignee. Plaintiff's objections to the statements of fact are based upon the injustice and impropriety of requiring plaintiff to admit the truth of facts which are not within its knowledge. In submitting to plaintiff for admission the truth of statements of fact provable by the testimony of third parties, defendants are seeking to cast upon the plaintiff the burden and expense of proving their case.

Statements of fact 5, 16, 23 and 24 are immaterial to the issues in this case. The impropriety of statement 5 is apparent. If it is meant to elicit the information that plaintiff acquired the patent by assignment from Atlantic Coast Fisheries Corporation that information is stated in the bill of complaint together with an offer to produce the assignment at the trial. Statement of fact 16 deals with possible knowledge by plaintiff of defendants furnishing apparatus comprising flat refrigerating metal plates adapted to receive and press between them carton products to be frozen. This is immaterial since plaintiff does not charge infringement by such apparatus. Statements 23 and 24 are covered by interrogatories. Statements of fact 26 and 27 are exclusively within defendants' knowledge. They relate to activities of defendants and the carrying on of their business.

Statements of fact 14, 19 and 22 are included within plaintiff's answers to defendants' interrogatories. This information is contained in plaintiff's answers to defendants' interrogatories 60, 56 and 62.

Defendants have filed a request under Rule 36 for the admission by plaintiff of the genuineness of photostatic copies of 45 printed documents annexed to the request. The parties have stipulated in this case that any printed publication and photostatic copies of printed publications can be offered in evidence with the same force and effect as the originals and the dates appearing on them shall be taken as establishing the dates of their publication unless error appears. The request is denied because fully covered by the stipulation.

Defendants' Interrogatories.

Defendants have filed 62 interrogatories. Plaintiff has answered 12 and filed objections to the remaining 50. As most of the interrogatories are covered by the request for admissions the same considerations control the disposition of these objections. Objections to interrogatories 43, 48 to 52 inclusive, and 55 so far as it relates to plaintiff's knowledge, are overruled. All the remaining objections are sustained.

Orders may be submitted.