## CATERPILLAR TRACTOR CO. v. INTERNATIONAL HARVESTER CO.

### No. 9149.

Circuit Court of Appeals, Ninth Circuit.

Oct. 4, 1939.

Chas. M. Fryer, Alfred C. Aurich, and Harold Johnson, all of San Francisco, Cal., for appellant.

Alfred Sutro, of San Francisco, Cal., and Percy S. Webster, of Stockton, Cal., and Wm. S. Elliott, Paul O. Pippel, George L. Wilkinson, and Charles L. Byron, all of Chicago, Ill. (Pillsbury, Madison & Sutro, of San Francisco, Cal., and Wilkinson, Huxley, Byron & Knight, of Chicago, Ill., of counsel), for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from portions of a final decree of the United States District Court, rendered after the granting of a motion for judgment on the pleadings in an action for declaratory relief. 28 U.S.C. A. § 400.[1] For clarity the appellant and appellee will be referred to as defendant and plaintiff respectively.

An answer was filed to the original complaint, and thereafter amendments adding other allegedly pertinent patents were made to the complaint. The amendments and original complaint were engrossed and the complaint and amendments as so engrossed were filed as amended bill of complaint. Other allegedly pertinent patents were later added as an amendment to this pleading. The defendant filed its answer to the amended bill of complaint and amendment thereto, and shortly thereafter

MATHEWS, Circuit Judge, dissenting in part.

---

[1] "§ 400. (Judicial Code section 274d.) Declaratory judgments authorized; procedure

"(1) In cases of actual controversy except with respect to Federal taxes the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment or decree and be reviewable as such. * * *"

the plaintiff filed its motion for judgment on the pleadings. We regard the allegations of the amendments to the complaint and of the answer as of the date of the filing of the original complaint, in the absence of any specific allegation of any fact occurring after that date. Denials on the ground that the party is without *any* knowledge we regard as complying with Rule 8(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, relative to denials based upon the absence of knowledge or information sufficient to form a belief as to the truth of an averment. The rules should be reasonably and not technically construed.

It is to these amended pleadings that we must look to determine the question of whether the trial court erred in granting plaintiff's motion for judgment on the pleadings. Grubbs v. Smith, 6 Cir., 1936, 86 F.2d 275, certiorari denied 300 U.S. 658, 57 S.Ct. 437, 81 L.Ed. 867, and cases cited therein.

It is undisputed in the pleadings that the defendant owns or controls numerous patents relating to a specie of automotive machine termed track type tractor, and that plaintiff also manufactures this type of tractor. The amended bill of complaint alleges, with respect to these tractors, "That the plaintiff's line of tractors now comprises various models, and the entire line of such tractors is exemplified by those known as Model T–20, Model TD–40, Model TA–40, and Model TD–60. The first three models are described in the plaintiff's instruction books, marked 'Plaintiff's Exhibits B, C, and D,' which are submitted herewith and made a part of this bill. Model TD–60 is a larger size tractor, now undergoing trial and soon to be placed in production for sale, and the construction of this tractor being shown and illustrated by nineteen photographs, marked 'Plaintiff's Exhibit E,' also submitted herewith and made a part of this bill."

The amended bill of complaint further alleges the receipt of a letter from the defendant, by which defendant charged plaintiff with infringement of certain letters patent belonging to defendant. A copy of said letter is attached to the amended complaint, and the pertinent portions thereof are as follows:

"We recently have had occasion to examine the track type tractors which you have brought out subsequently to those recently held * * * to be infringements of a number of our patents. Such examination has revealed that your later models of tractors above mentioned contain a large number of inventions developed by us and covered by patents issued to this Company thereon. * * * (List of patents set out.)

"It is our definite purpose with respect to the above appropriations of our inventions * * * to insist upon recognition and enforcement of our rights in the matter.

"We therefore must request that you discontinue the use of our above mentioned inventions and account to us for your past use thereof * * *."

This is followed by an information and belief allegation that defendant's charge of infringement "relates to all the aforesaid tractors" [Models T–20, TD–40, TA–40 and TD–60.].

As a basis for jurisdiction of the court, the plaintiff alleges that the action arises "* * * from an actual controversy between the plaintiff and the defendant as to the alleged infringement by the plaintiff of rights which defendant claims to possess * * *."

That the letter from the defendant to the plaintiff, above quoted is plaintiff's sole basis for the alleged controversy which plaintiff is asking to have litigated is shown by the further allegation in the amended complaint "That an actual controversy exists between plaintiff and defendant, in that defendant, *as hereinbefore set forth,* has claimed and is now claiming that plaintiff's tractors, * * * infringe defendant's said letters patent * * *." [Emphasis supplied.]

Non-infringement is then definitely alleged.

Except for a minor matter later herein to be considered, defendant raises no question on this appeal from the judgment on the pleadings decreeing non-infringement except as it relates to Model TD–60. Defendant maintains there is no "controversy" as to this model tractor. Of course it is definitely settled that in order to come within the declaratory judgment statute there must be an actual controversy as distinguished from a prayer for an opinion advising what the law would be upon a hypothetical state of facts. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240, 241, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

. It is defendant's contention that the amended complaint fails to state facts sufficient to establish the existence of a "controversy" as to Model TD–60, that the letter by its terms does not include this model, and that the allegation of the amended complaint wherein it is stated that this model is undergoing tests and will soon be produced for sale negatives the existence of any such controversy.

Consistent too with this position, defendant urges that the complaint shows on its face that notice of infringement was never given plaintiff by defendant as to Model TD–60.

█ Defendant's argument is, and in this we agree, that an actual controversy is not involved where a person merely apprehends or fears assertion of rights against him by another. 1 C.J.S., Actions, § 18, subd. 9, pages 1030, 1031; Borchard on Declaratory Judgments (1934), pp. 36-40. Therefore, as defendant argues (but here we do not . follow) since the letter is the sole basis for the alleged controversy and since such letter read with plaintiff's allegations as to Model TD–60 excludes such model from any alleged controversy there is in fact no alleged "controversy."

The letter constituting the charge of infringement, above quoted, refers to "the track type tractors which you [plaintiff] have brought out." The complaint affirmatively states that Model TD–60 was one of plaintiff's present line of tractors and that it, with the others mentioned, exemplified their line of tractors, and that it, TD–60, was "undergoing trial and soon to be placed in production for sale." This is followed as we have seen by the allegation that defendant's charge of infringement relates to all four models of tractors [including TD–60].

Defendant urges that the words of the letter "which you have brought out" of necessity excluded from the charge, Model TD–60, which was "undergoing trial and soon to be placed in production for sale."

The following definitions of the words "to bring out" are contained in the dictionaries cited below:

"To bring out. To set forth; introduce, as a young woman into society, or a foreign loan for subscription. 2. To publish, as a new book. 3. To produce, as a play, on the stage. 4. To expose; elicit the truth of. 5. To develop." [Funk and Wagnalls Co. New Standard Dictionary of the English Language, 1927 edition.]

"To bring out. To cause to come out, as from concealment; specifically a. To bring forth, as young. b. To set forth, as in words. c. To detect; expose; make manifest; display to advantage. d. To establish clearly; to demonstrate. e. To set forth for public attention or participation; as to bring out a book, a play, or a loan for public subscription; also to introduce socially. f. To call forth or attract; as, a spectacle brings out a crowd. g. To draw (one) out, as in conversation. h. To publish, as a magazine or an edition." [Webster's New International Dictionary, Second Edition, Unabridged, 1935 edition.]

█ From a consideration of the variations of meaning that may be given this indefinite phrase, "which you have brought out," modified as it is by the explanation that Model TD–60 is a fully constructed tractor undergoing trial and soon to be placed in production for sale, we have come to the conclusion that we would be unwarranted in determining as a matter of law that Model TD–60 was not included in the notice charging infringement. The amended complaint refers to nineteen photographs attached as an exhibit for a further description of Model TD–60. Some of these photographs are of portions of the machine, showing details of construction; others show an apparently completed tractor. We are of the opinion, as also was the trial judge, that the amended complaint described Model TD–60 as a machine that had been manufactured, notwithstanding its kind had not as yet been produced in quantity for sale. We are convinced that the letter can be held to necessarily exclude Model TD–60 only through giving the term "brought out" an unreasonably restricted meaning which we decline to do.

█ Defendant next points to the allegation of the complaint that Model TD–60 was "undergoing trial and (is) soon to be placed in production for sale," and concludes that "nowhere in the bill of complaint was it alleged that anyone had actually commenced using the processes which plaintiff claimed it had the right to use." It is defendant's contention here that (quoting from defendant-appellant's opening brief) "there is no one * * * against whom defendant could prosecute an infringement action by reason of the manufacture, use and sale thereof, and therefore there could be no 'controversy.'" We can not go with defendant in this argument,

as it seems to have its basis in an erroneous assumption that "use" of the article is a necessary element of a charge of infringement. If the TD–60 tractor had infringed defendant's patents, the manufacturing of one machine by the plaintiff would have made plaintiff subject to a suit for infringement regardless of "use." Carter Crume Co. Ltd. v. American Sales Book Co., C.C.W.D.N.Y., 1903, 124 F. 903.

■ So far then, as the amended complaint is concerned, we hold that it properly alleges a controversy to serve as a basis of jurisdiction of the court in this action for a declaratory judgment.

We come now to inquire whether the allegations of facts which, as we have held, are sufficient to present to the court a justiciable controversy were traversed at the time the motion was made for judgment on the pleadings.

Defendant in its answer to the amended complaint admitted writing the letter containing the claim of infringement, but denied the existence of a controversy as to Model TD–60. It was thereinafter affirmatively alleged that the defendant "never at any time or any place notified plaintiff that said tractor Model TD–60 infringed any patent owned by defendant." Again, there is a denial of the "existence of the dispute alleged by plaintiff."

■ It is suggested by plaintiff that the pleading of defendant constitutes an admission of a controversy as to TD–60. He builds to this conclusion as follows. The complaint alleges that "an actual controversy exists between plaintiff and defendant, in that defendant, as hereinbefore set forth, *has claimed and is now claiming* that plaintiff's tractors * * * infringe defendant's said Letters Patent * * *." The denial in the answer is "that an actual or any controversy exists between plaintiff and defendant, in that defendant, as alleged in said amended bill of complaint or otherwise or at all, *is now claiming* that plaintiff's * * * tractors infringe defendant's letters patent." That this leaves it undenied and therefore admitted that defendant *"has claimed"* infringement and perhaps did so claim when the complaint was filed. Whether or not we would come to the same conclusion if these allegations were not modified by others in the answer we need not say, for there are other allegations that must be related to these. As we have said above, plaintiff's sole basis of a "controversy" is the letter which

plaintiff alleged "relates to all the aforesaid tractors" [including Model TD–60.], and which plaintiff contends constitutes a charge of infringement by defendant against plaintiff. Defendant in its answer admits writing the letter, but follows that admission by the allegation: "In that respect defendant alleges that it has never seen or inspected any tractor manufactured by plaintiff herein and referred to in said amended bill of complaint as the Model TD–60 tractor, and that it never at any time or any place notified plaintiff that said tractor Model TD–60 infringed any patent owned by defendant."

This positive denial of the charge of infringement upon which plaintiff based its claim of a controversy, preceded as it is by the allegation that defendant had never "inspected" Model TD–60 [remembering that the letter in question referred to tractors which had been "brought out" by plaintiff and which had been "examined" by defendant], effectively denies that the letter related to Model TD–60. This denial together with the further denial of "the existence of the dispute alleged by plaintiff" raises a factual issue as to the existence of a justiciable controversy going directly to the jurisdiction of the court.

We conclude that the district court erred in granting plaintiff's motion for judgment on the pleadings, as to Model TD–60.

Plaintiff however argues that Model TD–60 is a track type model "of the same general make and construction as the other three models of tractors," and that therefore the court, having taken jurisdiction to determine the controversy as to the other three models, could properly extend its decree to include Model TD–60, whether or not the notice of infringement included that model.

In this respect plaintiff argues that defendant admitted in its answer that Model TD–60 was a track type tractor similar in style and construction to the other three models. We quote from the brief of plaintiff-appellee: "Admitted by pars. IX and XI of the answer to the amended complaint * * *. In these paragraphs appellant admits that the TD–60 tractor, as shown and described in 'Plaintiff's Exhibit E,' does not infringe any of appellant's patents. 'Plaintiff's Exhibit E,' thus admitted, contains nineteen photographs of the TD–60 tractor, showing the complete tractor and the details of its construction.

The TD–60 tractor, thus illustrated, is a track type tractor of the same general style and construction as the other three models of tractors."

In other words, the argument is that since defendant admitted non-infringement as to Model TD–60, as shown in Exhibit E of the amended complaint, by that admission defendant also admitted "Exhibit E," and in turn admitted the similarity in style and construction.

■ An examination of the amended complaint discloses that there is no allegation to the effect that Model TD–60 was "of the same general make and construction as the other three models of tractors." The exhibits attached to the complaint containing photographs of the models cannot take the place of an allegation to this effect, at least to the extent of reading in an admission of similarity by defendant because of his failure to deny specifically what can only be ascertained by experts with a knowledge of physics, patents and patent law. The cases cited by plaintiff[2], which might seem to indicate that it is proper for the decree to extend to "all similar machines manufactured by plaintiff," are not in point.

There remains the contention of the defendant that the district court erred in granting an injunction against further charges of infringement. This assignment of error seems to relate to the court's decree respecting all four models of tractors described in plaintiff's complaint. The contention is that there were insufficient uncontroverted facts alleged in the amended complaint to justify an injunctive decree.

■ The declaratory judgment act provides, 28 U.S.C.A. § 400(2), that "further relief based on a declaratory judgment or decree may be granted whenever necessary or proper," and it is well settled that whether or not an injunction shall be granted is a matter resting in the sound discretion of the trial court. McCarthy v. Bunker Hill & Sullivan Mining & C. Co., 9 Cir., 1908, 164 F. 927, 940. The undenied allegations of the amended complaint set out the claim of infringement contained in the letter quoted above as related to the three models of plaintiff's tractors. It is further undenied that certain previous claims had been made and suits filed by

defendant in the U. S. District Court for Nevada against plaintiff alleging infringement of certain of defendant's patents, including some of the patents involved in this action. In view of these allegations and the further fact that defendant in its answer to the amended complaint admitted non-infringement by plaintiff, the trial court did not abuse its discretion in granting the injunction against further claims of infringement as to plaintiff's tractors which were properly involved in this suit.

The last point urged by defendant is that "the trial court erred in ordering, adjudging and decreeing that the depositions taken and filed herein and the exhibits identified therein may be used in any action in a District Court of the United States in which defendant and plaintiff or any of their customers or privies are parties, irrespective of whether or not any such action involves the same subject matter as is involved herein."

The decree of the District Court in this respect reads as follows: "5. Deposition taken and filed in this cause, and exhibits identified in said depositions and filed herein, may be used in any action in the District Court of the United States, in which defendant, Caterpillar Tractor Company, and plaintiff, International Harvester Company, or any of their customers or privies are parties."

Plaintiff contends that the court's decree cannot reasonably be construed as broadly as defendant states, but that the manifest intent of the decree is that the depositions may be used only in suits relating to the subject matter of the instant suit.

■ Defendant urges in its brief that the provision in any event is improper in a final decree on motion for judgment on the pleadings, but that it "does not have and cannot have any objection, if this court deems it necessary, to any provision in a decree providing for the subsequent use of depositions in the limited manner set forth above." We consider this as a stipulation by both parties that the decree of the trial court in this respect be modified so as to limit the use of depositions to suits relating to the same subject matter as the instant suit.

The decree of the district court is reversed so far as it relates to Model TD–60.

---

[2] Booth Fisheries Corp. v. General Foods Corp., D.C., 27 F.Supp. 268; United States Galvanizing & Plating Equip. Corp. v. Hanson-Van Winkle-Munning Co., June 12, 1939, 4 Cir., 104 F.2d 856.

Sustained as to plaintiff's other three tractors involved in this suit, except that the court may in its discretion modify the decree relating to future use of depositions in the manner above set forth. The costs should be assessed to the appellee.

MATHEWS, Circuit Judge (dissenting in part).

The amended bill of complaint alleged that there was an actual controversy between plaintiff (appellee) and defendant (appellant), in that defendant had claimed and was claiming that certain tractors manufactured by plaintiff infringed certain patents owned by defendant, whereas plaintiff claimed that said tractors did not infringe said patents. This allegation was not denied. The answer to the amended bill denied that the controversy existed when the answer was filed,[1] but it did not deny that the controversy existed when the amended bill was filed.[2] Thus, in effect, it admitted the existence of the controversy on that date.[3]

Defendant's claim of infringement was made in a letter written to plaintiff by defendant on September 25, 1936. The answer admitted that defendant wrote the letter. The letter did not designate by name or number the tractors which, it charged, infringed defendant's patents, but referred to them as the "track type tractors" which plaintiff had "brought out" subsequently to those held by a decision of this court[4] to be infringements of defendant's patents.

The amended bill alleged that plaintiff's line of "track type tractors" comprised various models; that the entire line was exemplified by those known as Model T–20, Model TD–40, Model TA–40 and Model TD–60; and that defendant's charge of infringement related "to all the aforesaid tractors"—including, of course, Model TD–60. These allegations were not denied. The answer stated that defendant had no knowledge as to the allegations, but it did not state that defendant was without knowledge or information sufficient to form a belief as to the truth thereof. Thus, in effect, the allegations were admitted.[5] There is, therefore, no basis for the contention that the controversy between plaintiff and defendant did not relate to Model TD–60.

The amended bill alleged that plaintiff's said tractors (Models T–20, TD–40, TA–40 and TD–60) did not, in fact, infringe any of defendant's patents. The answer admitted this allegation, thus, in effect, admitting that defendant's claim of infringement was false and unfounded.

To me, it seems clear that this was a suit arising under the patent laws of the United States, within the meaning of § 24(7) of the Judicial Code, 28 U.S.C.A. § 41(7); that it was a case of actual controversy, within the meaning of § 274d of the Judicial Code, 28 U.S.C.A. § 400; that the controversy related to plaintiff's Model TD–60 tractors, as well as to the other models mentioned above; that the District Court had jurisdiction of the controversy with respect to all of said tractors, including Model TD–60; and that, upon the admitted facts, plaintiff was entitled to a declaratory decree and a permanent injunction, as prayed in the bill.

Whether depositions taken in this case may be used in other litigation is a question to be determined—if and when it arises—in such other litigation. The decree should be modified by striking therefrom so much thereof as declares that such depositions may be so used. As thus modified, the decree should be affirmed.

---

[1] November 29, 1938.

[2] April 6, 1938.

[3] Federal Rules of Civil Procedure, Rule 8(d), 28 U.S.C.A. following section 723c.

[4] Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628.

[5] Federal Rules of Civil Procedure, Rule 8(b), (d).