## GASAIR CORPORATION v. RANSOME CO.

### No. 10327.

Circuit Court of Appeals, Ninth Circuit.

Jan. 24, 1944.

A. Donham Owen, of San Francisco, Cal., for appellant.

Hackley & Hursh, Roy C. Hackley, Jr., and Jack E. Hursh, all of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

The plaintiff, Gasair Corporation, brought this action charging defendant, Ransome Company, with infringement of its Heller Patent No. 2,023,809 and now appeals from a judgment of the district court holding the patent invalid on grounds of anticipation and lack of invention and dismissing the complaint.

Plaintiff's patent, issued in 1935, covers an automatic distributing system for butane gas. The device of the patent is admittedly a combination of elements, all of them old in the art, but allegedly so combined as to perform a new and useful function.

The invention claimed is a gas mixing apparatus in which raw butane is automatically released to local mains as demanded by the consumer and when so released is mixed with air in proper proportions. This operation is accomplished by bringing the butane under pressure to a valve chamber or housing which has several outlets or ports controlled by a slide valve. This slide valve opens or shuts successively one or more of the several outlets in the housing, being controlled by a diaphragm which is responsive to the pressure of mixed gas in the mains.

In operation, if the pressure of the main drops, the slide valve is moved by the diaphragm to open one outlet. This opening permits the pre-compressed butane to rush through a venturi type aspirator which mixes it with air as it passes into the main. If the consumption demand on the main is greater than the supply provided by the one outlet, the resulting reduction in pressure will further contract the diaphragm which in turn actuates the slide valve and opens the second and then the third outlet in the valve housing thus maintaining a given pressure of mixed gas in the main.

As the consumption demand on the main drops off, the diaphragm expands by pres-

sure built up by the opened outlets. This expansion acting on the slide valve closes successively the third, second and first outlets. The total effect is an automatic apparatus which mixes butane and air in proper proportions and supplies the mixture at a fixed pressure as it is needed in varying amounts.

■ It cannot be denied that this device of the patent ingeniously meets the problem of distributing butane gas at low cost and is a valuable contribution to the industry. But whether this combination of elements so arranged to perform a new and useful function is invention and patentable need not be decided. For, assuming the validity of plaintiff's patent, we do not believe that defendant's device infringes its claims.

■ Both of the two claims[1] of the patent in issue set forth a device made up of a valve housing connected with a plurality of aspirators by a plurality of pipes which are opened or shut by a single movable valve actuated by variations of pressure in the gas main. The scope of plaintiff's invention must be defined by these claims, Smith v. Snow, 294 U.S. 1, 11, 55 S.Ct. 279, 79 L.Ed. 721, and in so defining it we are aided by the fact that during the course of securing the patent plaintiff's predecessor acquiesced in the rejection of a third claim.[2] Cf. Schriber-Schroth Co. v. Cleveland Trust Co., 311 U.S. 211, 218, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132.

■ This rejected claim described a device of the same nature but having only a single aspirator connected by a single pipe to a housing with a single outlet controlled by a valve which was actuated by changes in pressure in the main. That this rejected claim is in a sense narrower than those allowed does not impair its use as a means of discovering the limits of the claimed invention. Morgan Envelope Co. v. Albany Perforated Wrapping Paper Co., 152 U.S. 425, 429, 14 S.Ct. 627, 38 L.Ed. 500.

But turning first to defendant's device, we find that it consists of a chamber with one outlet controlled by a valve. The connecting pipe from the outlet leads to a venturi type aspirator which mixes butane with air in the same manner as plaintiff's device as it passes to the main. The valve is controlled by electric current actuating a magnet put in contact by motion of a diaphragm or bellows responsive to changes in pressure in the gas main. Whether there is here equivalence in this control element is immaterial in view of our construction of the accepted and rejected claims.

The difference in the two combinations is in the method by which flexibility of gas supply is obtained to meet the varying demands of the gas consumers. Defendant

[1] Claim 1. "In a gas mixing apparatus of the character described a plurality of aspirator housings, each having a suction producing nozzle, a check valve controlled air inlet for each housing and nozzle, a valve housing connected with a source of gas supply under pressure, a plurality of pipes connecting said valve housing with the respective aspirator nozzles, a valve in the valve housing movable to shut off or supply gas under pressure to one or more of the aspirator nozzles, a gas supply main into which the several aspirators discharge, and means actuated by variations in pressure in said main for moving the valve to shut off or supply gas under pressure to one or more of the nozzles in the respective aspirators."

Claim 2. "In a gas mixing apparatus of the character described a plurality of aspirator housings, each having a suction producing nozzle, a check valve controlled air inlet for each housing and nozzle, a valve housing connected with a source of gas supply under pressure, a plurality of pipes connecting said valve housing with the respective aspirator nozzles, a valve in the valve housing movable to shut off or supply gas under pressure to one or more of the aspirator nozzles, a gas supply main into which the several aspirators discharge, a housing having a diaphragm, said housing connected with the gas supply main and the diaphragm being actuated by pressure variations in the main, and means actuated by movement of the diaphragm for transmitting movement to the valve in the valve housing so as automatically to shut off or supply gas under pressure to one or more of the nozzles in the respective aspirators."

[2] Claim 3. "In a gas mixing apparatus of the character described an aspirator housing, having a suction producing nozzle, a check valve controlled air inlet connected with said nozzle, a source of gas supply under pressure connected with the nozzle, a valve to control the flow of gas to the nozzle, a gas supply main into which the aspirator discharges, a mixture of gas and air, and means actuated by variations in pressure in said main for fully opening or closing the valve controlling the flow of gas."

sets up several of the above-described units in tandum with the several bellows set to cause contact in the units at different degrees of pressure in the main.

In comparing the device of the rejected claim with that of the allowed claims the significance of the differences in defendant's device with the latter becomes apparent. The .protection afforded by the patent is limited to an apparatus with a valve housing with a plurality of pipes leading to several aspirators and a valve in the housing movable to shut off or supply gas to one or more aspirator nozzles. The automatic flexibility is obtained through the movement of the single valve in relation to several outlets. It is this multiple control by a single valve obtaining the desired result of automatically supplying a fluctuating demand which is the essence of the claims.

In contrast, defendant's device only uses a housing with one port and its sliding valve only affects one aspirator. The desired flexibility is obtained by using in series several of these single port housings each with its own valve—not the single valve of the allowed claims in a housing having " * * * a plurality of pipes connecting said valve housing with the respective aspirator nozzles [plural]" which valve is " * * * movable to shut off or supply gas to one or more of the [plural] aspirator nozzles."

This difference between the two devices lies at the point of protection granted by the patent. It is a difference which is not a matter of achieving the same result of regulating pressure and volume by mechanical equivalents and therefore does not come within the rule of Reinharts, Inc., v. Caterpillar Tractor Co., 9 Cir., 85 F.2d 628, as urged by appellant. But rather it is a matter of such achievement of automatic control of pressure and volume by a different means.

The defendant has taken the device of the rejected claim and has adapted it in a manner which produces the result of the device of the allowed claims. Clearly the device of the former cannot infringe the device of the latter. I.T.S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 443, 47 S.Ct. 136, 71 L.Ed. 335. Neither is there infringement in the adaptation which accomplishes the same result for, if the patent is valid, several of the devices of the rejected claim working in unison, each with a valve working a single port, cannot be the same as a device with a single valve working several ports.

The judgment of the lower court is modified by striking therefrom paragraphs 1, 2 and 3 thereof holding certain claims of Patent No. 2,023,809 invalid. That judgment's dismissal of the complaint is affirmed.