## WAIDER v. CHICAGO, R. I. & P. R. CO.
### (two cases).
### Civ. Nos. 1–42, 1–43.

United States District Court
S. D. Iowa, Davenport Division.
July 10, 1950.

A. G. Bush (of Bush & Bush), Davenport, Iowa, for plaintiffs.

A. B. Howland (of Gamble, Read, Howland, Gamble & Riepe), Des Moines, Iowa, for defendant.

SWITZER, District Judge.

This matter came on for hearing in open court at Des Moines, Iowa, on the 7th day of July, 1950 upon the objections of the defendant to the plaintiff's requests for admissions, and the plaintiff having elected to submit the matter on written brief, argument was had by the defendant in support of its position and the matter duly submitted.

Plaintiff on June 8, 1950, served upon the defendant certain requests for admissions of matters of fact by the defendant, pursuant to Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Defendant Railroad Company objects to certain of the requests hereinafter enumerated, which are identical for each case and therefore this ruling applies to both cases alike.

I

Defendant objects to divisions 2 and 3 of plaintiff's requests for admission, reading as follows:

"2. The regular scheduled average speed of said train between Muscatine and Davenport, Iowa, was 27.4 miles per hour,

and the aforesaid train prior to reaching Schmidt Road was traveling within the city limits of the City of Davenport, Iowa, at a speed of more than 25 miles per hour and continued at approximately that speed until just before reaching Schmidt Road."

"3. The regular scheduled average speed of said train between Muscatine and Davenport, Iowa, was 27.4 miles per hour, and the aforesaid train prior to reaching Schmidt Road was traveling within the city limits of the City of Davenport, Iowa, at a speed of more than 20 miles per hour and continued at approximately that speed until just before reaching Schmidt Road."

■ Obviously, the regular scheduled average speed of defendant's train between Muscatine and Davenport, Iowa, is irrelevant and immaterial.

It is apparent also that an honest response to the remaining portion of both divisions 2 and 3 is impossible, consistent with relevancy and materiality.

Perhaps the speed of defendant's train at and immediately prior to the collision complained of would be both material and relevant. The request is not however so confined.

## II.

Defendant objects to division 4 of plaintiff's requests for admissions, which provides as follows: "4. The regular scheduled average speed of said train between Muscatine and Davenport, Iowa, was 27.4 miles per hour, and the aforesaid train prior to reaching Schmidt Road was traveling within the city limits of the City of Davenport, Iowa, at a speed of more than 12 miles per hour and continued at approximately that speed until just before reaching Schmidt Road."

For the reasons above given the objection made to this request should be sustained.

## III.

Defendant objects to divisions 7 and 8 of plaintiff's requests for admissions, reading as follows:

"7. The engineer upon the train in question did not apply the brakes upon said train so as to slow it down to 12 miles per hour after reaching the Davenport city limits and prior to reaching Schmidt Road and did not attempt to apply them in emergency until the engine was so close to Schmidt Road it could not be stopped nor materially slowed before reaching Schmidt Road."

"8. Said train was equipped with air brakes in good condition and the brakes if applied would have been able to materially slow down the speed of the train within a distance of two or three hundred feet or less."

■ Here again, in the first portion of request No. 7, stating that the engineer in question did not apply the brakes on said train so as to slow it down to 12 miles an hour after reaching the city limits of Davenport, Ia., and prior to reaching Schmidt Road, seeks an irrelevant and immaterial response, and does not confine the request to that period of time a response to which would be admissible in evidence.

■ The latter portion of request No. 7 seeks to bind defendant by its response, if required, to an opinion and conclusion rather than to a statement of fact based upon the evidence, and it cannot therefore be countenanced.

■ The first portion of division 8, which provides "Said train was equipped with air brakes in good condition * * *" would be required to be answered if it were not predicated upon the remainder of the request, which clearly calls for an opinion and conclusion.

## IV.

Defendant objects to divisions 11, 12, 13, 14, 15, 17, 18, 18(a), 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29, all of which state certain enumerated rules provided for by the defendant company and applicable to its personnel on the train in question.

I have had the benefit of a well conceived brief by the plaintiff wherein it is earnestly urged that the rules of the railroad company may be admissible in evidence and have been admitted heretofore in other jurisdictions.

Defendant contends that said rules are entirely immaterial and irrelevant to the issues set forth in the pleadings of this cause and that no evidence thereof is or will be admissible on the trial of the action; that said matters in no way relate to the duties owing by the defendant to the members of the public or the plaintiff in this action.

 Considerable confusion has resulted in the cases concerning this question. Many jurisdictions seem to hold that such rules under certain conditions are in fact admissible in evidence at the trial of the cause. Since, however, the decision of the Supreme Court of the United States in Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court is bound by the law of the State of Iowa as it presently exists for a solution of the question. The law in Iowa thereon seems well settled as announced in the case of Merchants' Transfer & Storage Co. v. Chicago, R. I. & P. Ry. Co., 170 Iowa 378, at page 383, 150 N.W. 720, at page 722, in which the court said:

"These rules were offered as tending to show negligence on the part of the defendant's employes in the transaction in controversy and as admissions or declarations of the defendant.

"This assignment is disposed of by the former holdings of this court. See Hart v. Cedar Rapids & M. C. R. R. Co., 109 Iowa 631, 80 N.W. 662, and cases therein cited; Blumenthal v. Union Electric Co., 129 Iowa [322], at page 324, 105 N.W. 588; and Carter v. Sioux City Service Co., 160 Iowa 78, 141 N.W. 26. These holdings rest on the proposition that the law regulates the duty of the railroad company to the public. The standard of care required is fixed by the law. The railroad company can promulgate no rules for the conduct of its servants, whether they require more or less than the law requires, and bind the public by such rules. All negligence rests upon a supposed duty that the party charged owes to the public in cases of this kind, and that is a legal duty, or a duty imposed upon it by law. The standard of care is fixed by the law. The liability rests upon the violation of the legal duty it owes to the public. If the law should require but one lock upon a door, and the one on whom the duty of placing the lock rests should instruct his servant to place two locks, and the servant should only place one lock, the master has violated no duty that the law imposed upon him by failure of his servant to put more than one lock upon the door."

 The company rules cannot under any circumstances be admitted into evidence in the trial of this cause. I must therefore sustain the objections made by the defendant to the requests in question. The Clerk will therefore enter the following order:

This matter coming on for hearing in open court at Des Moines, Iowa, on defendant's objections to plaintiff's requests for admissions of matters of fact by the defendant, specifically to—divisions 2, 3, 4, 7, 8, 11, 12, 13, 14, 15, 17, 18, 18(a), 19, 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29, and the court being advised:

It is hereby ordered that said objections to the above numbered requests for admissions be and they are hereby sustained, and said requests for admissions by the plaintiff and each of them as so numbered be and they are hereby quashed, and plaintiff excepts.