### DEMMERT v. DEMMERT.
### No. 6714-A.

District Court, Alaska
First Division, Ketchikan.
Oct. 19, 1953.

---

**FOLTA**, District Judge.

Plaintiff seeks an accounting and to compel the defendant to pay him $35,-612.12, which he alleges is due him in the distribution of the proceeds from the sale of the business and assets of the Demmert Packing Company, which he alleges was a partnership consisting of himself, the defendant and the defendant's wife. The defense is that the plaintiff was not a member of the partnership.

Perhaps the controversy may be better understood if it is borne in mind that the plaintiff and the defendant are half-brothers of the Indian race, of the ages of 70 and 73 years respectively, and that tenure under tribal law is essentially communal, at least so far as a family, or house as a unit of the tribe, is concerned.

The property sold consists of a salmon cannery at Klawock, formerly known as Bayview, see Demmert v. City of Klawock, 9 Cir., 199 F.2d 32.

The plaintiff concedes that no formal agreement was executed, but it is undisputed that the defendant, plaintiff and their father pooled their efforts in fishing, logging, the operation of the vessel Winifred and in other activities before the cannery was constructed in 1924; that the defendant and his wife managed and operated the cannery and appropriated the net income therefrom; that the cannery was the principal, if not the only source of income that whatever records were kept are no longer available; that articles of incorporation were filed in 1926 in which the defendant, his wife and the plaintiff are named as incorporators, but that the corporation never functioned because of inability to agree as to the division of the stock; that thereafter the business was continued in the corporate name Demmert Packing Company but operated, ostensibly at least, as a partnership; that in all formal documents it was described as a co-partnership consisting of the defendant, his wife and the plaintiff; that income tax returns filed by the

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

W. C. Stump (of Stump & Bailey), Ketchikan, Alaska, for defendant.

defendant were prepared accordingly and the income was reported as divided among the three; that from 1933 until the sale of the cannery in December, 1949, for $123,363.38, it was operated under a lease, but all transactions up to and including the sale were in the name of the Demmert Packing Co. "a co-partnership consisting of Charles Demmert, Emma Demmert and George Demmert", and that on January 5, 1951, the defendant gave the plaintiff $5,000, for which the plaintiff executed a receipt, reciting "received payment in full for my interest in Demmert Packing Company".

The evidence on behalf of the plaintiff is to the effect that he contributed to the enterprise his one-third of the value of the services of the Winifred as a tender for the cannery from 1925 till 1945, which the plaintiff testified was $800 a year; that he paid bills of the cannery the first year or two; that until the cannery was leased his wife and his children worked in the cannery without pay; that he also delivered fish to the cannery with his own boat for which he was not paid; that during the entire period of the cannery operation the defendant appropriated to himself the entire income from the cannery and that the only source of any capital contribution he could have made was the income from the business; that on a few occasions when he asked for an accounting and suggested the advisability of the execution of a partnership agreement he was told by the defendant that the cannery was broke; that since it was a family enterprise it was unnecessary to have an agreement in writing; and that the defendant assured the plaintiff that his share was one-third.

The evidence of the defendant is that the profits from the operation and charter of the Winifred were divided each year; that in 1923 he operated a floating cannery at Shakan and made approximately $8,000 profit; that with this and money derived from other activities, he commenced the construction of the cannery at Klawock in 1924 and bought the machinery therefor; that neither plaintiff's wife nor his children assisted in the construction of the cannery; that although they were employed in its operation, they were paid; that acting on the suggestion that the business should be incorporated to avoid personal liability he used the plaintiff's name because three incorporators were required under local law; that thereafter he continued to use the plaintiff's name without appreciating the legal consequences and obtained a power of attorney from the plaintiff so that he could sign his name as occasion required; that the payment of $5,000 to plaintiff from the proceeds of the sale was payment in full for the use of the plaintiff's name; that plaintiff was well satisfied but later brought suit, defendant suspects, at the instigation of others.

The plaintiff asserts that he did not have his glasses at the time the receipt was submitted to him for signature and that he did not know the contents thereof; that he then and there warned the defendant that he was going to sue him and further contends that the receipt could not constitute a release because of the fiduciary relations between partners.

The principal question presented is whether the plaintiff has sustained the burden of proving sufficient facts from which a partnership, according to white man's law, may be inferred.

The plaintiff objected to the admission of any evidence on behalf of the defendant denying the existence of the partnership, on the ground that such existence was admitted by the defendant's failure to respond to the requests for admission under Rule 36 Fed.Rules Civ.Proc. 28 U.S.C.A., as to the genuineness and truth of the recitals, in various documents submitted with the requests, that the Demmert Packing Company was a partnership consisting of the defendant, his wife and the plaintiff. The defendant neither responded nor objected to these requests, but at the trial contended that the Court could not

take as admitted the recitals that the three persons referred to were "co-partners doing business as the Demmert Packing Company" because the recitals were not "matters of fact" but conclusions of law * * * an objection that should have been interposed to the requests themselves. The Court admitted the evidence subject to the objection and a later determination of its admissibility.

It would appear somewhat rash for counsel to run the risk of an adverse ruling by failing to respond or object to the requests. If the Court were to decide the question upon a determination of whether the requests called for a conclusion of law or upon the facts, the decision would go against the defendant. United States v. Ehbauer, D.C., 13 F.R.D. 462; Jones v. Boyd Truck Lines, 11 F.R.D. 67; Knowlton v. Atchison, T. & S. F. Railway Co., D. C., 11 F.R.D. 62. But I am of the opinion that the question presented turns on the purpose of the rule * * * to compel admission of matters which ought to be admitted in the interest of expedition, so that all issues as to which there can be no controversy in good faith, may be eliminated. The extensive employment of the discovery procedure in this case left as the main issue, the existence or non-existence of a partnership. It can hardly be said that a matter which, if admitted, would dispose of the litigation, is a "matter which ought to be admitted" under Rule 36. Fidelity Trust Co. v. Village of Stickney, 7 Cir., 129 F.2d 506, 511.

In connection with the execution of notes for as much as $27,000, mortgages, leases, contracts and the interposition of defenses to litigation against the Demmert Packing Co., the plaintiff assumed a partner's liability. Since incorporation was suggested to the defendant for the purpose of avoiding partnership liability and this was the motive for incorporation in 1926, I can give but little credence to the defendant's testimony that he thought, because it took three to incorporate, it likewise

took three to constitute a partnership, and that the use of the plaintiff's name thereafter was merely for the purpose of complying with that formality without appreciating the consequences. The defendant was the dominant figure in this enterprise and his experience in business transactions of various kinds goes back to almost the turn of the century. It is incredible that he was so unaware of the nature of a partnership that he would use the plaintiff's name over a period of 23 years and sign his name under a power of attorney to all formal instruments, without intending any representation that he was in fact a partner. The recital in the receipt that it was payment in full for his interest is itself a contradiction of the testimony that he paid him $5,000 merely for the use of his name.

I find that the cannery was built by the defendant with little, if any, assistance in money or services from the plaintiff or his family and that there was no agreement at that time that the plaintiff should be a co-partner. However, when the business was incorporated in 1926, it is significant that the disagreement over the division of the stock did not concern the share of the plaintiff but rather the shares of the defendant's brothers Joe and James, who had apparently dropped out of the family enterprise some years before and were not deemed entitled to an interest in the corporation. It may, therefore, be assumed that at the time of the incorporation it was conceded that the plaintiff was entitled to some interest. If a one-third interest was not intended or recognized, however, it is not perceived how such a consequence could be avoided by functioning as a partnership. Perhaps the defendant did not know that in the absence of an agreement to the contrary the partners would share in the profits and losses equally and intended that the plaintiff's share should be less than one-third. This would explain the payment of only $5,000 to the plaintiff from the proceeds of the sale. I am inclined to believe that the plain-

tiff's contributions by way of capital and services were considerably less than those of the defendant, but it must not be overlooked that since 1924 the defendant and his wife appropriated to themselves the net income, although they reported the income as having been divided among the three partners. The situation which the defendant now finds himself in is largely one of his own creation. As managing partner he failed to keep or preserve the records, or to set forth in writing the interest of the plaintiff. The use of the plaintiff's name in all transactions and the presence of his signature in all formal documents and instruments, and the assumption thereby of a partner's liability, all lead to the conclusion that he was a partner whose interest, in the absence of an agreement to the contrary must be deemed to be one-third. In the face of the foregoing the defendant cannot now be heard to say that the use of the plaintiff's name was a mere formality.

I find, therefore, that the evidence, when projected against the background of Indian customs, is sufficient to support the inference that the plaintiff was a member of the partnership and accordingly conclude that he is entitled to an accounting and one-third of the net profits from the sale of the cannery, as prayed for in the complaint.