**ALASKA CREDIT BUREAU
OF JUNEAU**

v.

**STEVENSON.**

**No. 6937–A.**

District Court, Alaska
First Division, Juneau.
Feb. 6, 1954.

William L. Paul, Jr., Juneau, Alaska, for plaintiff.

John H. Dimond, Juneau, Alaska, for defendant.

FOLTA, District Judge.

Plaintiff is the assignee of Jack Warner, who supplied materials and services to the vessel Taku Maid (formerly Wanderer) at the request of defendant, who allegedly still owes $8,586.29 plus interest.

Defendant, claiming to be merely a mortgagee of the boat, has moved to dismiss for failure to join an indispensable party defendant viz.: S. A. Stevens, owner of The Taku Maid. Plaintiff countered with a motion for summary judgment on the dubious ground that defendant, by admitting the genuineness of various statements of account, and by admitting the truth of the statements contained therein which is erroneous, has ipso facto admitted a joint and several obligation.

Defendant avers that he did not undertake to guarantee payment for supplies and services furnished to Taku Maid, and has interposed objections to plaintiff's requests for admissions dated November 16, 1953, November 24, 1953 and November 28, 1953 respectively.

Although the only point raised by the defendant in this motion was the omission of the plaintiff to join the owner of the vessel, he now urges the additional point that the complaint fails to state a claim against him upon which relief can be granted. Manifestly, in the circumstances stated, any argument in support of the point of non-joinder would also support the second point that the owner, not the defendant, was liable for the supplies furnished the vessel.

■■ Plaintiff contends that credit was extended to defendant and Stevens jointly and severally. Thus the crucial issue is a question of fact, viz.: are defendant and Stevens joint and several obligors? If so, the action will lie against defendant. If not, and it turns out at the trial that only Stevens is liable, defendant will be entitled to a dismissal or a directed verdict. Accordingly, I conclude that the motion for summary judgment should be dismissed. I am also of the opinion that the motion to dismiss should be denied because it is not certain that Stevens is indispensable or that the complaint fails to state a claim against defendant.

The record shows that defendant has admitted the genuineness of certain statements of account but has declined to admit that the statements are true or that there is a balance due in the amount of $8,586.29. Defendant refused to admit the genuineness of a document purporting to be an assignment from Warner to plaintiff on the ground that the document is only a copy and that the original has not been exhibited to him, and also refused to admit the truth of the statements contained therein.

■■ It is apparent that plaintiff is attempting to try controversial issues of fact by means of requests for admissions. Defendant objects to this procedure and points out that Rule 36, 28 U.S.C.A., should be used to obtain admissions of facts as to which there is no real dispute, 4 Moore, Federal Practice, 2711, 2723, and should not be used to cover the entire case, or to permit one to request admissions as to controversial facts particularly where they constitute the principal issues in a case. Electric Furnace Co. v. Fire Ass'n of Philadelphia, D.C., 9 F.R.D. 741–742; Demmert v. Demmert, D.C., 115 F.Supp. 430, 433.

I am convinced that the defendant's objections to the requests for admissions should be sustained.