The **PEOPLE OF THE STATE OF CALIFORNIA,** Libelant,

v.

**THE Steamship JULES FRIBOURG,** her engines, boilers, etc., and Arrow Steamship Company, a corporation, et al., Respondents,

**and**

States Marine Corporation of Delaware, a corporation, Respondent Impleaded.

**SHIPOWNERS & MERCHANTS TOWBOAT CO.,** Ltd., a California corporation, Cross-Libelant,

v.

**THE Steamship JULES FRIBOURG,** et al., Cross-Respondents.

**ARROW STEAMSHIP COMPANY,** a corporation, Cross-Libelant,

v.

**SHIPOWNERS & MERCHANTS TOWBOAT CO.,** Ltd., et al., Cross-Respondents,

**and**

States Marine Corporation of Delaware, a corporation, Respondent Impleaded.

No. 26612.

United States District Court
N. D. California, S. D.

July 1, 1955.

See also, D.C., 140 F.Supp. 333.

Edmund G. Brown, Atty. Gen., for the State of California and Miriam E. Wolff, Deputy Atty., Gen., proctors for libelant.

Derby, Cook, Quinby & Tweedt, San Francisco, Cal., proctors for respondent, cross-respondent and cross-libelant Arrow Steamship Co.

Graham, James & Rolph, San Francisco, Cal., proctors for impleaded respondent States Marine Corp. of Delaware.

Lillick, Geary, Olson, Adams & Charles, San Francisco, Cal., proctors for cross-respondent and cross-libelant Shipowners & Merchants Towboat Co., Ltd., et al.

EDWARD P. MURPHY, District Judge.

This case concerns the liability of respondents to the libelant, the State of California, and to each other, for damage done by the vessel Jules Fribourg, owned by respondent Arrow Steamship Company, and chartered to respondent States Marine Corporation at the time of the collision.

Respondent Shipowners & Merchants Towboat Company, another party to this case, has served 11 interrogatories, as amended, and 23 requests for admissions on respondent Arrow Steamship Company. The purpose of these interrogatories and requests for admissions, in the words of respondent Shipowners, is "(1) to establish that States Marine Corporation of Delaware was authorized to enter into the "pilotage" clause on behalf of Arrow Steamship Company and therefore Arrow Steamship Company did so contract with the tug company, and (2) to obtain facts to permit Shipowners to prove the existence of the authority of States Marine". The existence of such authority, which may turn largely on the application and validity of the pilotage clause above referred to, is a crucial legal issue in this case. Respondent Arrow Steamship Company objects to the interrogatories and to the requests for admissions on a number of grounds.

At the outset, it should be observed that interrogatories and requests for admissions are not interchangeable procedures designed for the same purpose. Requests for admissions are designed to eliminate from the case issues which are not really in dispute between the parties, and thus to limit the case to the vital and disputed issues. Interrogatories, on the other hand, are designed to elicit relevant information which, al-

though itself inadmissible, "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.Rules Civ.Proc. rule 26(b), 28 U.S.C.A. Although interrogatories and requests for admissions have certain requirements in common, such as that the matters called for must be matters of fact rather than legal opinions and conclusions, they are in other respects governed by different considerations, and are more conveniently discussed separately here.

*The Interrogatories*

■ Interrogatories 3–6, as amended, call for the names of vessels owned, operated or bareboat chartered by respondent Arrow during a seven year period preceding the date of the collision; and for the dates on which such vessels called at the ports of New York and San Francisco. Respondent Arrow objects on the ground of irrelevancy. The purpose of the interrogatories is obviously to provide information which will lead to admissible evidence concerning the knowledge of a certain custom of pilotage in the port of San Francisco on the part of respondent Arrow. Respondent Shipowners hopes to prove thereby the authority of States Marine and the liability of Arrow. The information requested, therefore, seems "reasonably calculated to lead to the discovery of admissible evidence" regarding a matter which is "relevant to the subject matter involved in the pending action" under F.R.Civ.P. 26(b) and the objections thereto are overruled.

■ Interrogatory 7 requests the prior employment history and experience of six specified employees of Arrow who were intimately connected with the facts in this case. Respondent Arrow objects on the ground of irrelevancy. The objection to this interrogatory is overruled.

■ Interrogatory 9, as amended, asks whether time charters made by Arrow included a provision that the time charterer would provide or provide and pay for pilotages, and the dates, parties

to, and periods of duration of such time charters. The only objection raised to this interrogatory is the one of relevancy. For the reasons indicated above in connection with interrogatories 3–7, this interrogatory is within the scope of Rule 26(b) and the objection thereto is overruled.

■ Interrogatory 10, as amended, asks whether Arrow ever contracted for towage, prior to the date of the accident, under a contract providing that the tugmaster and/or other pilot while operating the vessel would become the servant of the owner. It also asks whether Arrow ever contracted, prior to the date of the collision, that the tug company would not be liable for any damage resulting from the error of its pilots. The answers to this interrogatory must necessarily involve an analysis of the relevant contracts made by Arrow in the past, legal conclusions as to their respective individual effects, together with the relevant case law in each instance. The answers called for are precisely the legal conclusions upon which respondent Shipowners apparently hopes to base a part of his case in the trial of this controversy. They may well become important issues in this case. Such answers may not be called for by interrogatories. Bush v. Skidis, D.C., 8 F.R.D. 561. The objection to interrogatory 10, and to the dependent interrogatory 11, is sustained.

*The Requests for Admissions*

■ As in the case of interrogatories, the analogous Rule of Civil Procedure may be considered in order to determine the correct application of the Admiralty Rule to the proper subject matter of requests for admission. The law of the cases under Rule 36, F.R.Civ.P. is not without some difficulty. The Rule itself provides that requests for the admission of the truth of any "relevant matters of fact" may be made and must be answered unless the requests are irrelevant or go to privileged matter or are "otherwise improper".

■ Although the cases do not entirely agree on what matters are "facts" and thus proper subjects of requests for admission, and what matters are "conclusion and opinion" and therefore improper, there is general agreement that requests for admission are not to be treated as substitutes for discovery processes to uncover evidence, and that they may not be applied to controverted legal issues lying at the heart of the case. Their purpose is to eliminate from the trial matters as to which there is no genuine dispute. See Waider v. Chicago, R. I. & P. R. Co., D.C.S.D.Iowa 1950, 10 F.R.D. 376; Bowles v. Soverinsky, D.C.E.D. Mich.1946, 65 F.Supp. 608; Alaska Credit Bureau of Juneau v. Stevenson, D.C.D. Alaska 1954, 15 F.R.D. 409.

■ In the instant case respondent Shipowners asks that respondent Arrow Steamship Company admit the existence of a custom of pilotage with certain legal results. In effect, he is asking him to admit a legal conclusion which may be an important element in the case against respondent Arrow Steamship Company. Therefore, the objections to Requests for Admissions 1–23 are sustained.