Albert G. DRIVER, Guardian of the Estate of Donald C. Homel, et al.

v.

GINDY MANUFACTURING CORPORATION et al.

Donald C. HOMEL

v.

BURROUGHS CORPORATION.

Civ. A. Nos. 23586, 26077.

United States District Court
E. D. Pennsylvania.

Oct. 20, 1959.

474

Robert M. Bernstein, Berstein & Bernstein, Leon Weinroth, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for Gindy Mfg. Corp. & Singer Transp. Co.

Michael A. Foley, Philadelphia, Pa., for Irene J. Turner.

Joseph J. Murphy, Murphy, Sheehan & Stief, Philadelphia, Pa., for Burroughs Corp., 3rd party defendant.

BIGGS, Circuit Judge.[1]

At Civil Action No. 23,586, Driver, Guardian of the Estate of Donald C. Homel, a minor, brought suit against Gindy Manufacturing Corporation, Singer Transportation Company, and Irene J. Turner, jurisdiction being based upon diversity. Burroughs was made a third-party defendant. At Civil Action No. 26,077, Homel himself, after he became *sui juris*, sued Burroughs, jurisdiction also being based on diversity. The suits grow out of an accident which resulted when a collision occurred between a vehicle driven by Turner and a tractor-trailer owned or operated by Gindy or Singer. Homel is a citizen of Pennsylvania. Burroughs is a Michigan corporation. Driver is a citizen of New Jersey, appointed guardian of the property of Homel pursuant to 20 P.S.Pa. § 320.1011 (a). No problem as to the citizenship of the guardian or his right or capacity to maintain his suit is presented. See Corabi v. Auto Racing Inc., 3 Cir., 1959, 264 F.2d 784; Fallat v. Gouran, 3 Cir., 1955, 220 F.2d 325, 326; and Jaffe v. Philadelphia & Western R. Co., 3 Cir., 1950, 180 F.2d 1010, 1011–1013.

Burroughs filed Requests for Admission under Rule 36, Fed.R.Civ.Proc., 28 U.S.C., directed to Irene J. Turner on March 17, 1959, to Gindy and Singer on March 18, 1959, and to Homel on April 7, 1959. Homel and the original defendants failed to answer the Requests for Admission within the time specified by the Rule and did not request an extension of time in which to make the admissions. Neither Homel nor the original defendants timely filed any objections or entered any denials to the requests. The reason for this disregard of the plain provisions of the Federal Rules of Civil Procedure is not clear. Homel and the original defendants assert that their failure to observe the provisions of Rule 36 was because at an appearance before Senior Judge Welsh it was suggested that the two cases *sub judice* be removed and consolidated with a suit already brought by Homel against Singer and Gindy in the Court of Common Pleas of Chester County, Pennsylvania. How the parties or any of them thought such a result could be effected is not clear.

Within a few days after the day on which the admissions under Rule 36 were due and Homel and the original defendants were in default, Burroughs moved for summary judgment in both cases contending that, because of the failure of the defendants to respond as required by Rule 36, the admissions demanded by the request must be deemed admitted and, if admitted, there was no genuine issue as to any material fact; and that, therefore, Burroughs was entitled to judgment in its favor in both suits. See Rules 36 and 56.

On April 3, 1959, Turner lodged admissions in answer to the requests without leave of court. These were marked "filed" by the Clerk. On May 4, 1959, Gindy and Singer lodged admissions also without leave of court. These were also marked "filed" by the Clerk. On May 26, 1959, Gindy and Singer filed a motion for leave of court to file the admissions just referred to.

▮ Under Rule 6(b)(2), the court, after the expiration of a period specified by a rule, may permit a party to do an act required by the rule where the failure to do the required act was the result of

excusable neglect.[2] The fact that counsel mistakenly supposed that the law might permit removal of the causes at bar to a Pennsylvania Court of Common Pleas for consolidation with a case or cases pending therein can scarcely serve as an excuse. It is well settled that inadvertence or oversight of the provisions of the federal rules or unfamiliarity with them do not afford an adequate basis for the exercise of legal discretion by a court for the benefit of the party who fails to observe the rules.

Typical decisions in which courts have so ruled are Mason v. B. O. A. C., D.C. S.D.N.Y.1957, 20 F.R.D. 213, 214 and Bullock v. Sterling Drug Co., D.C.E.D.Pa. 1948, 8 F.R.D. 575. While it is true that in the early days following the promulgation of the Federal Rules of Civil Procedure a certain degree of leniency was exercised by the federal courts in respect to failure to observe the rules because the bar had not had the opportunity to become fully conversant with them, that time passed long ago. The Rules are now over twenty years old.

The court, however, *sua sponte*, so that the ends of justice may be served, raises another and more vital issue. The Requests for Admission are for facts peculiarly within the knowledge of Burroughs, the third-party defendant making the requests, and relate to facts that obviously are or will be in dispute. Request for Admission No. 4 at No. 23,586, directed to Turner, is typical. It is a request for an admission that "Burroughs Corporation did not provide or pay for the insurance on * * * [the car Turner was driving], furnish gasoline or maintenance for the same." Turner appears to have been an employee of Burroughs. No. 15 directed to Turner requests an admission that she was on a personal errand "at the time she was engaged in picking up * * * checks * * * for Burroughs." No. 18 of the Requests for Admission at No. 23,586 directed to Gindy and Singer, calls for a conclusion of mixed fact and law, i. e. that Burroughs has no liability. It is clear that the only basis upon which Burroughs can be held in the suit is that Turner was acting as an agent for Burroughs and that Burroughs therefore is liable for her negligence under the doctrine of *respondeat superior*.

Although there is a split in authorities as to whether a party may be required to admit or deny facts which are not within his knowledge,[3] it is well established that Rule 36 can be employed only in respect to questions of fact and then only when the facts are not in dispute. If a real dispute as to the facts does exist, Rule 36 may not be used. The Rule cannot be employed as a substitute for discovery or for the eliciting of evidence at trial. See Demmert v. Demmert, D.C.D.Alaska 1953, 115 F.Supp. 430; Alaska Credit Bureau of Juneau v. Stevenson, 1954, 15 F.R.D. 409, 14 Alaska 531; In re Reinauer Oil Transport Inc., D.C.D.Mass.1956, 19 F.R.D. 5; People of State of California v. The Jules Fribourg, D.C.N.D.Cal.1955, 19 F.R.D. 432. See also 4 Moore, Par. 36.02. Many of the Requests for Admission by Burroughs, such as No. 18, are Requests for Admission not only of disputed facts but also require conclusions of mixed fact and law. Burroughs' Requests for Admission constitute a misuse of Rule 36. Valid and invalid requests are so intermingled that the court will not attempt to sort the good from the bad.

For the reasons stated the Requests for Admission in both cases will be stricken

2. In support of their present motions counsel for Homel and the original defendants have not even filed affidavits under Rule 6(b) (2). Statements contained in briefs are not part of the record in a case in a United States District Court.

3. See e. g. Booth Fisheries Corporation v. General Foods Corp., D.C.D.Del.1939, 27 F.Supp. 268, and contra, Hanauer for Use of Wogahn v. Siegel, D.C.N.D.Ill. 1939, 29 F.Supp. 329.

out as will the admissions. The motion for leave to file the admissions out of time will be denied. The motions for summary judgment will be denied.

Orders in conformity with this opinion are filed herewith. ·