Karl E. **LEHMANN** and Elfriede Lehmann, h/w, and Uwe Lehmann, Rudiger Lehmann, and Elke Lehmann, minors, by their parent and natural guardian, Karl E. Lehmann, and Karl E. Lehmann, in his own right

v.

Ernest Luke **HARNER**

and

Harner's Express, Inc.

Civ. No. 13168.

United States District Court
D. Maryland.

Dec. 5, 1962.

Laurence J. Distefano, Jr., and Donald J. Williams, Philadelphia, Pa., and David K. Poole, Jr., Hagerstown, Md., for plaintiffs.

William B. Somerville, Herbert F. Murray, and Smith, Somerville & Case, Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Plaintiffs have filed a request under Rule 36, Federal Rules of Civil Procedure, that defendants admit: "That the accident of August 20, 1960 which occurred at approximately 7:00 P.M. in Towson, Maryland, involving Karl E. Lehmann, Elriede (sic) Lehmann, Elke Lehmann, Rudiger Lehmann and Uwe Lehmann, was caused solely by the negligence of Ernest Luke Harner."

Defendants have objected to the request for admission on the grounds that it calls for a conclusion on one of the ultimate issues in the case and does not seek admission of a matter of fact but a conclusion of mixed fact and law.

The objection is supported by Moore's Federal Practice, 2d Ed., Vol. 4, sec. 36.04, p. 2711, and by the reasoning of all the opinions cited or found which have construed Rule 36 in analogous situations. Demmert v. Demmert, D.Alaska, 115 F.Supp. 430, 433, 14 Alaska 425; Driver v. Gindy Manufacturing Corp., E.D.Pa., 24 F.R.D. 473; Petition of Reinauer Oil Transport, Inc., D.Mass., 19 F.R.D. 5; People of State of California v. The Jules Fribourg, N.D.Cal., 19 F.R.D. 432, 436; Alaska Credit Bureau of Juneau v. Stevenson, D.Alaska, 15 F.R.D. 409. See also Syracuse Broadcasting Corp. v. Newhouse, 2 Cir., 271 F.2d 910.

The request for admission is hereby denied.

At the pretrial hearing which followed the argument on the request for admission, plaintiffs offered to place on record in this case the amounts which their clients are willing to accept in settlement of their claims, and requested the court to require defendants' insurer to state on the record the maximum amount which it is willing to offer in settlement. The purpose of this request is to facilitate any claim which plaintiffs might have against defendant's insurer in the event the judgments exceed the policy limits.

The insurer is not a party to this case; the amounts of the settlement offers are not relevant to any issue herein; there are other means of determining, in a possible future case, what settlement offers may have been made; a knowledge of the settlement offers should not be in the mind of a judge considering a possible motion for new trial; and, the practice in this State and District does not support the request. The judges of this Court are agreed that the proposed requirement is undesirable and it will not be imposed.