FMC CORPORATION, a Delaware corporation, and Howard B. Miller, an individual, Plaintiffs,

v.

McCABE–POWERS BODY COMPANY, Inc., a California corporation, Defendant.

Civ. No. 63–396.

United States District Court
S. D. California,
Central Division.

Jan. 25, 1965.

Flehr & Swain, by Harold C. Hohbach, and Thomas O. Herbert, San Francisco, Cal., for plaintiffs, and Lyon & Lyon, by Leonard S. Lyon, Los Angeles, Cal., of counsel.

Harris, Kiech, Russell & Kern, by Donald C. Russell, Los Angeles, Cal., for defendant, and Alfred W. Petchaft, St. Louis, Mo., of counsel.

THURMOND CLARKE, District Judge.

This is an action for alleged patent infringement. The court has jurisdiction under provisions of 28 U.S.C. § 1338.

Plaintiff Miller holds letters patent No. 2,450,152 for a fruit picker's crane; plaintiff FMC Corporation is the exclusive licensee. FMC has granted various other corporations the right to manufacture and sell the Miller device. These corporations pay FMC sums equivalent to three and one-half per cent of net sales price of the equipment. From this amount, one and one-half per cent is paid over to plaintiff Miller.

Defendant McCabe-Powers Body Company, Inc., a California corporation, manufactures aerial lifts which plaintiffs maintain infringe three claims of the Miller patent.

(The complaint designated McCabe-Powers Body Company, Inc., a Missouri corporation, as a codefendant. The action has been dismissed as to that corporation; consequently the California corporation will be referred to as "defendant" herein.)

Defendant has brought a counterclaim in which it contends, *inter alia,* the Miller patent is invalid.

Plaintiffs' device, designed to facilitate fruit picking and other orchard work, may be described succinctly as a mobile platform supporting a high seat or perch which may be moved in any of three directions.

Properties of the device are set out in detail in claims 2, 4, and 5 of the Miller patent, which claims defendant is alleged to have infringed:

"2. A fruit picker's crane, comprising a mobile platform, a picker's perch, means supporting said perch from and elevated above said platform for adjustment vertically, to and fro in traverse, and projectably away from and towards said platform, for ready access to a tree, and means disposed conveniently to an occupant of said perch for controlling its movement in any or all such directions.

\* \* \* \* \* \*

"4. A fruit picker's crane, comprising a mobile platform, a picker's perch, a pair of articulated arms supporting said perch from said platform, means for varying the tilting of each arm, relative to its immediate support, to alter the elevation and lateral extension of said perch, and further means intermediate the platform and the lowermost arm to shift the perch horizontally, in any elevated or laterally extended position, relative to said platform.

"5. The combination of claim 4, characterized in that the control means for all three types of movement are located conveniently to an occupant of and for movement with said perch."

Defendant's machines likewise incorporate a mobile platform, a boom structure mounted on the platform, a workman's perch carried on the boom, and controls for movement in any of three directions. The accused devices are of two types, one bearing an articulated boom, the other a telescoping boom. The equipment is intended for a variety of work aloft: maintenance of utility lines, tree trimming, and similar tasks.

A point-by-point comparison of defendant's devices with the homologous parts of plaintiffs' machine persuades the court the defendant's articulated boom structure infringes claims 2, 4, and 5 of the Miller patent, and defendant's telescoping boom devices infringe claim 2, *provided* the Miller patent is valid.

The court does not find persuasive the defendant's contention its machines could not practicably be used for fruit picking. This is a matter of relative size of the machines, and possibly of placement of controls, which matters are not determinative; nor is infringement negatived by the fact the fruit picking crane embodies a two-part perch while defendant's device carries a one-part basket.

The parties have devoted the major portion of their briefs and their evidence to the question of validity of the Miller patent. It is apodictic the very issuance of a patent gives rise to a presumption of validity.

The Miller patent has been found valid in litigation before the United States District Court for another district [Food Machinery & Chemical Corp. and Howard B. Miller v. Mobile Aerial Towers, Inc., Civil No. 1017, unreported case (N.D.Ind., Fort Wayne Div., Dec. 12, 1961)]. However, certain patents apparently not considered by that court have been brought into evidence here.

Patents relied upon by defendant as prior art range from a century-old fruit picking device hanging from a central pole, to a massive machine designed to

**1020**

unload ore from a ship and discharge it into railroad cars. The principal ones may be summarized briefly, as follows:

Withey patent No. 1,599: a fire escape consisting of mobile platform, turntable, telescoping ladder, movable elevated platform and basket with no control aloft except for leveling the platform.

Vail patent No. 45,096: a fruit gatherer made up of upright standard, projecting beam rotating on a swivel, hanging basket for the picker, and controls.

Honig patent No. 2,249,900: an extension ladder and elevator for fire rescues, comprising mobile platform, turntable, two telescoping fire ladders, personnel carrier with controls.

Irby patent No. 1,014,063: a fruit gatherer's and painter's ladder made up of mobile platform, hinged boom, and picker's seat, moved from side to side by the operator's manually grasping the tree branches.

Brackett patent No. 1,371,344: a shoveling and loading machine with jointed boom operated by hydraulic cylinders and pivoted on a platform.

Peppin patent No. 1,397,543: a digging machine bearing a two-armed hinged boom, with a turntable and means for varying the position of the lower boom.

Hulett patent No. 652,313: an ore unloader with mobile platform, two booms with means for maintaining various angles, a platform for the operator, means of pivoting the boom on bearings, controls on the perch for movement in any of three directions.

Clay patent No. 2,339,001: a molding machine, designed to fill molds with sand. It includes a pair of articulated arms, a perch consisting of seat and footrest, controls accessible to the operator on the perch, and a mobile platform.

Robert E. Stilwell, chief development engineer of the John Bean division of FMC Corporation, testifying as an expert witness for plaintiffs, stated it would take more than engineering skill to combine the elements of, for example, the Brackett and the Irby patents, or the Brackett and the Clay patents, to produce the Miller device. With this view the court agrees.

The United States Court of Appeals for the Ninth Circuit has stated in the case of The Troy Company v. Products Research Company, 339 F.2d 364 (Dec. 14, 1964):

"* * * the elements acting in concert combine to produce a new and useful result, thereby constituting a patentable advance. As put by the Sixth Circuit, 'It is established law that all the elements of a combination may be old, * * * [but] if the elements co-acting produce a new and useful result, the combination is patentable.' National Latex Products Co. v. Sun Rubber Company, 274 F.2d 224, 239 (6th Cir. 1959). Accord, Coleman Co., Inc. v. Holly Manufacturing Co., 233 F.2d 71, 78–79 (9th Cir. 1956). * * *"

See also International Manufacturing Co. v. Landon, Inc., 336 F.2d 723, at p. 726 (9th Cir. 1964), wherein the Court said:

"The invalidity of a combination patent is not established by showing only that there was, in the prior art, a device containing the same elements. A combination patent envisions a conjunction or concert of known elements which produce some unusual or surprising consequences. * * * It follows that such a combination is not anticipated or rendered obvious by a prior conjunction or concert of the same elements unless the latter produces substantially the same results."

■ Under the rules above set forth the court finds the prior patents do not anticipate the Miller crane.

The court finds plaintiffs' patent No. 2,450,152 is valid; defendant's articulated boom devices infringe claims 2, 4, and 5 of that patent, and defendant's

telescoping boom devices infringe claim 2.

The court finds plaintiffs are entitled to a permanent injunction restraining defendant from further infringement.

The court further finds plaintiffs are entitled to damages equivalent to a reasonable royalty for use of the invention by the infringers (35 U.S.C. § 284). A reasonable royalty in this instance will be measured by the royalties which the various manufacturing firms have paid to plaintiffs for use of the Miller invention.

The court does not find this such an "exceptional case" as to warrant the awarding of attorney fees under 35 U.S.C. § 285.

Counsel for plaintiffs shall prepare findings of fact, conclusions of law, and judgment in accordance herewith.