242

FMC CORPORATION et al., Plaintiffs,

v.

DAYBROOK–OTTAWA CORPORATION,
Defendant.

No. C65–226.

United States District Court
N. D. Ohio, W. D.

May 23, 1966.

Donald R. Fraser, Toledo, Ohio, Harold C. Hohbach, San Francisco, Cal., for plaintiffs.

Albert L. Ely, Jr., Cleveland, Ohio, for defendant.

DON J. YOUNG, District Judge.

In this patent infringement suit defendant objects to eighteen interrogatories propounded by plaintiffs.

The controversy between the parties revolves primarily about interrogatory 1 which reads as follows:

"1. Has defendant, or its predecessors in interest in the period from October 28, 1959 to September 28, 1965, either made, used or sold within the United States any apparatus of the general character including a mobile platform and a workman's basket in which means is provided on the platform for supporting the basket for rotation of the basket about a vertical axis, raising and lowering the same about a horizontal axis, and for moving the basket toward and away from the mobile platform and also including control means accessible to the occupant of the basket for controlling the movement of the basket? (Note: The answer to this interrogatory shall not be construed by any party or the court as an admission of infringement of any claim of the patent in suit)."

Defendant objects primarily on grounds of relevancy, both as to subject matter and as to time. According to de-

fendant, the patent claims alleged to be infringed are drawn too narrowly to justify the breadth of interrogatory 1.

The complaint charges defendant with infringement of claims 2, 4 and 5 of Patent No. 2,450,152. The claims read as follows:

"2. A fruit picker's crane, comprising a mobile platform, a picker's perch, means supporting said perch from and elevated above said platform for adjustment vertically, to and fro in traverse, and projectably away from and towards said platform, for ready access to a tree, and means disposed conveniently to an occupant of said perch for controlling its movement in any or all such directions.

"4. A fruit picker's crane, comprising a mobile platform, a picker's perch, a pair of articulated arms supporting said perch from said platform, means for varying the tilting of each arm, relative to its immediate support, to alter the elevation and lateral extension of said perch, and further means intermediate the platform and the lowermost arm to shift the perch horizontally, in any elevated or laterally extended position, relative to said platform

"5. The combination of claim 4, characterized in that the control means for all three types of movement are located conveniently to an occupant of and for movement with said perch."

Defendant contends that the language used by the patentee in framing his claims, in particular, (1) the prefatory phrase "A fruit picker's crane" and (2) an element of the claim described as "a picker's perch," when read in the light of specifications which are concerned almost exclusively with "the servicing of trees," restricts the invention to fruit picker's cranes. In other words, regardless of whether the patentee was required to incorporate such language in order to satisfy the patent examiner or whether the patentee simply volunteered such language, by design or otherwise, claims framed in such language cannot support inquiry relative to instrumentalities other than "fruit picker's cranes."

A defendant charged with infringement of the patent in suit here made the same argument in FMC Corporation v. McCabe-Powers Body Co., 237 F.Supp. 1018 (S.D.Calif.1965), in an attempt to escape liability. Defendant manufactured an aerial lift "intended for a variety of work aloft" including the maintenance of utility lines. The Court found not persuasive "defendant's contention its machines could not practicably be used for fruit picking." Id. at 1019.

Plaintiffs rely on the case of Reinharts, Inc. v. Caterpillar Tractor Co., 85 F.2d 628 (9th Cir. 1936), where the Ninth Circuit held that although the specifications and the preamble to the claims of the patent in suit indicated that the patentee had a limited conception of the uses to which his invention might be put, nevertheless "he may * * * claim every use to which it may be applied, irrespective of whether he had it in mind when he made the invention." Id. at 632. Defendant counters with a later decision of the Ninth Circuit, Gasair Corp. v. Ransome Co., 140 F.2d 818 (9th Cir. 1944), which it is argued, distinguishes and discredits the *Reinharts* resolution of the present issue. The Court does not agree with defendant's interpretation. Although the *Gasair* court does indeed distinguish the earlier *Reinharts* decision as not applicable to the facts then before it, this cannot be read as a dilution of the former holding.

The Court is also not convinced by defendant's attempt to show that the district courts within the territorial boundary of the Sixth Circuit Court of Appeals are bound by different law in this matter. Lunati v. Barrett, 104 F.2d 313 (6th Cir. 1939), relied on heavily by defendant, affirmed the district court's finding of noninfringement of plaintiff's combination patent on a hydraulic lifting device. Defendant particularly points to the following language of that opinion:

"[4] The claims in suit must be narrowly construed within the prin-

ciple so often applied in this court that where claims define an element in terms of form, location, or function, thereby creating an express limitation, *where that limitation pertains to the inventive step and imports a substantial function which the patentee considered of importance,* the court cannot be permitted to say that other forms which the inventor thus declared not equivalent are so to be treated. D'Arcy Spring Co. v. Marshall Ventilated Mattress Co., 6 Cir., 259 F. 236, 240; Hollingshead Company v. Bassick Mfg. Co., 6 Cir., 73 F.2d 543, 548; Directoplate Corp. v. Donaldson Lithographing Co., 6 Cir., 51 F.2d 199, and our recent decision in Valjean v. Perfection Stove Co., 6 Cir., 103 F.2d 60. Whether our conclusion be based upon estoppel in patent office proceedings or upon a limitation voluntarily inserted in the claims to avoid prior art seems to us unimportant. The result in claim construction is the same." (Emphasis added.)

This Court in turn particularly points to the underscored language which restricts the broad holding defendant would ascribe to that decision. In any event the *Lunati* case is certainly not authority for the proposition that the prefatory phrase "fruit picker's crane" limits the patent in suit to such devices and no others. And defendant has shown no other authority in support of its position.

Defendant's objection to interrogatory 1 on the ground of irrelevancy with respect to subject matter will be overruled.

■ Defendant's further objection to interrogatory 1 on the ground of irrelevancy with respect to time will also be overruled. Plaintiffs request information for the period commencing six years prior to the filing of suit and ending on the date of the patent's expiration. Such information is obviously relevant. Zatko v. Rogers Mfg. Co., 37 F.R.D. 29, 32 (N.D.Ohio 1964).

Since interrogatories 2 and 4–9 stem from interrogatory 1, objections to these interrogatories will also be overruled.

Interrogatory 3 seeks information related to the issue of damages. Defendant objects to discovery of such matter at this stage of the proceedings.

■ Since this is an action for damages and plaintiffs have demanded a jury trial discovery relating to the issue of damages is clearly proper at this time. Lehman v. Harner, 31 F.R.D. 303 (D.Md. 1962); Klauder v. Minneapolis-Honeywell Regulator Co., 30 F.R.D. 29 (E.D.Pa. 1962); Donohue v. W. W. Sly Mfg. Co., 20 F.R.D. 20 (N.D.Ohio 1956).

The objection to interrogatory 3 is overruled.

Interrogatories 10 and 11 are objected to on essentially the same grounds as interrogatory 1. These objections will be overruled for reasons previously stated.

Objection to interrogatory 12 is overruled for reasons stated with regard to interrogatory 3. Since interrogatories 13 and 14 stem from interrogatory 12 objections thereto are overruled.

Interrogatories 15 and 17 make proper inquiries and therefore objection thereto will be overruled.

■ Interrogatory 16 is clearly sanctioned by Rule 26(b) as a request for "the identity and location of persons having knowledge of relevant facts." The objection is overruled.

The objection to interrogatory 18 will be sustained for the reason that such interrogatory reaches beyond the scope of proper discovery.

Plaintiffs may submit an order reflective of the views expressed herein.